UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHANSHAN SHAO, HONGLIANG CHU, QIAN LIU, SONG LU, AND XINSHAN KANG, Plaintiffs, | : : : : : : |
| v. | Civil Action No. 3:14CV01177 (CSH) : : |
| BETA PHARMA, INC., AND DON ZHANG, Defendants. | : : : : |
| | SEPTEMBER 25, 2014 |

**RULE 26(f) REPORT OF PARTIES' PLANNING MEETING**

Date Complaint Filed (state court):           July 25, 2014

Date of Removal to Federal Court:             August 13, 2014

Date of Appearances on behalf of Defendants:  August 13, 2014

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, Attorney Jonathan Katz, for Plaintiffs, and Attorney Michael Caldwell, for Defendants, conferred on September 16, 2014 for the purposes below.

**I.     CERTIFICATION**

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel hereby further certify that they have forwarded a copy of this report to their clients.

## II.     JURISDICTION

### A.     *Subject Matter Jurisdiction*

This Court has diversity jurisdiction over Plaintiffs' claims under 28 U.S.C. § 1441.

### B.     *Personal Jurisdiction*

Personal jurisdiction is not contested.

## III.    BRIEF DESCRIPTION OF THE CASE

### A.     *Claims of Plaintiffs*

Plaintiffs claim that defendants sold them shares of stock, sometimes described as specific percentage interests, in Zhejiang Beta Pharma Ltd. Co., ("ZBP"), a partially owned subsidiary of defendant Beta Pharma, organized under the laws of the People's Republic of China.  Defendants failed to register plaintiffs' purchases on the books of ZBP.  The shares increased in value.  Defendants then offered to repurchase plaintiffs' shares at a stated price which was accepted by plaintiffs.  Defendants then refused to pay the repurchase price in full, claiming they were entitled to deduct the taxes defendants allegedly paid on the money they were spending to repurchase the shares.  Plaintiffs were damaged because their shares were not registered, and they were damaged because defendants refused to pay the stated repurchase price.  Plaintiffs seek money damages under legal theories of breach of contract, fraud, negligent misrepresentation and breach of fiduciary duty.

### B.     *Claims and Defenses of Defendants*

Defendants have not filed counterclaims.  Defendants deny the validity of all of Plaintiffs' claims, have moved to dismiss some of Plaintiffs' claims, and reserve the right to plead all applicable affirmative defenses when they file their Answer to Plaintiffs' Complaint.

    C.    *<u>Defenses and Claims of Third Party Defendants</u>*

Not applicable.

IV.    **STATEMENT OF UNDISPUTED FACTS**

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed:

    1.    Plaintiffs Shanshan Shao and Hongliang Chu are residents of Connecticut.

    2.    Plaintiff Qian Lu is a resident of Quebec, Canada.

    3.    Plaintiffs Song Lu and Xinxhan Kang are residents of the People's Republic of China.

    4.    Defendant Beta Pharma, Inc. is a Delaware corporation with a principal place of business in Princeton, New Jersey.

    5.    Defendant Don Zhang is a resident of New Jersey.

V.    **CASE MANAGEMENT PLAN**

    A.    **<u>Standing Order on Scheduling in Civil Cases</u>**

The parties request modification of the deadlines in the Standing Order in Civil Cases as follows:

    B.    **<u>Scheduling Conference with the Court</u>**

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b). The parties prefer a conference by telephone in the event that such a conference is ordered.

**C.**     **Early Settlement Conference**

1.     The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice.

2.     The parties do not request an early settlement conference.

3.     N/A.

4.     At present, the parties do not request referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

**D.**     **Joinder of Parties and Amendment of Pleadings**

1.     Plaintiffs should be allowed until October 26, 2014 to file any motions to join additional parties and until 30 days after the court rules on the pending Motion to Dismiss to move to amend the pleadings.

2.     Defendants should be allowed until October 26, 2014 to file any motions to join additional parties. Defendants filed a Motion to Dismiss under Rule 12(b)(6) on September 19, 2014.

**E.**     **Discovery**

a.     **Plaintiffs** anticipate that discovery will be needed concerning the following subjects:

   1. Defendants' relationships with ZBP and their sale of ZBP shares to plaintiffs.

   2. Defendants' communications with plaintiffs and third parties including ZBP, its executives, and others concerning sale and repurchase of ZBP shares.

   3. Defendants' repurchase of shares from plaintiffs.

   4. The historical and present capitalization of ZBP, the fair market value of ZBP shares at the present time and the ZBP initial public offering.

     5. Defendants' transactions involving ZBP shares and other investors.

     6. The matters listed in defendants' anticipated discovery requests below.

     7. Related issues.

**Defendants** anticipate that discovery will need concerning the following subjects:

     1. Transactions, contracts, and communications related to shares in Zhejiang Beta Pharma Co., Ltd.

     2. Communications, transactions and other dealings between Plaintiffs and Defendants from 2010 through 2013.

     3. Communications, transactions and other dealings between Plaintiffs and third parties related to ZJBP or Plaintiffs' allegations in the Complaint.

     4. The matters listed by Plaintiffs as anticipated discovery topics above.

     5. Related issues.

In addition, the parties reserve the right to seek discovery on other issues that may arise during the course of litigation and to object to individual discovery requests as appropriate.

     b. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), may commence upon the filing of this report and will be completed (not propounded) by March 26, 2016. The parties require such time for discovery because, inter alia, some of the relevant witnesses and documents are in the People's Republic of China and will present issues of travel, transportation, and language. The parties will make the initial disclosures required under Fed. R. Civ. P. 26(a)(1) no later than November 15, 2014.

     c. Discovery will not be conducted in phases.

     d. Not applicable.

e.	The parties anticipate that Plaintiffs will require a total of 6 to 10 depositions of fact witnesses, and that Defendants will require a total of 10 depositions of fact witnesses.  The parties reserve their right to request to depose additional fact witnesses as needed.  The depositions may commence upon the filing of this report and will be completed by September 26, 2015.

f.	Plaintiffs request permission to serve up to 50 interrogatories.  Defendants request permission to serve up to 50 interrogatories.

g.	Plaintiffs intend to call expert witnesses at trial.  Plaintiffs will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by October 26, 2015.  Depositions of any such experts will be completed by December 26, 2015.

h.	Defendants intend to call expert witnesses at trial.  Defendants will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by January 26, 2016.  Depositions of any such experts will be completed by March 26, 2016.

i.	A damages analysis will be provided by any party who has a claim or counterclaim for damages by July 26, 2015.

j.	Undersigned counsel have discussed the disclosure and preservation of electronically stored information ("ESI"), including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information.  The parties agree as follows:

The parties anticipate that requests for electronically stored information will be made in the form of search terms and specification of applicable media.  The parties will endeavor to agree upon search terms and the applicable media to be searched.  Electronically stored information that is or is reasonably believed to contain information that is responsive to duly served discovery requests(s) shall be timely produced in the absence of any objection.  The parties shall preserve all metadata in the form in which it is ordinarily maintained.

k.   Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work product protection, including procedures for asserting privilege claims after production.  The parties agree to the following procedures for the minimization of the risk of waiver of privilege or work product protection, including procedures for asserting privilege claims after production:

1.   If a party inadvertently produces information or documentation subject to privilege or work product protection, the party shall provide a reasonably specific description of the documentation or information claimed to be privileged (such as date, author, recipients and subject matter) and notify its opponent of its privilege or work product claims in writing and shall request in writing the return, sequestration or destruction of such inadvertently disclosed information or documentation.  Upon receipt of such a written request, the information or documentation that is inadvertently disclosed by a party shall be promptly returned to the disclosing party, or formally segregated from the other discovery information or documentation, and cannot be used by the recipient for any purpose, pending further order of the Court.

2.   Any party may file a motion with the Court to determine whether privileged information or documentation which is inadvertently disclosed may be used by

the recipient or should be returned or destroyed.  Any party may also file a motion with the Court for a protective or confidentiality order.

       3.       The parties agree to negotiate in good faith an efficient procedure for any confidentiality or related issues that may arise.

**F.**      **Dispositive Motions**

Dispositive motions will be filed no later than May 26, 2016.

**G.**      **Joint Trial Memorandum**

If no dispositive motion is filed, the joint trial memorandum required by the Standing Orders on Trial Memoranda in Civil Cases will be filed no later than June 26, 2016.  If a dispositive motion is filed, the joint trial memorandum will be filed no later than 60 days following the Court's ruling on the last outstanding dispositive motion.

**H.**      **Trial Readiness**

The case shall be ready for trial 30 days following the filing of the Joint Trial Memorandum required by the Standing Orders on Trial Memoranda in Civil Cases.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

                               PLAINTIFFS SHANSHAN SHAO, HONGLING CHU, QIAN LU, SONG LU, AND XINSHAN KANG,

                               By:   /s/
                                  Jonathan Katz, Esq.
                                  Jacobs & Dow, LLC
                                  350 Orange Street
                                  New Haven, Connecticut 06511
                                  Telephone: (203) 772-3100
                                  Facsimile:  (203) 772-1691
                                  Email jkatz@jacobslaw.com

DEFENDANTS BETA PHARMA, INC. AND DON ZHANG,

By:   /s/

    Richard W. Bowerman, ct04181
    Michael G. Caldwell, ct26561
    LeClairRyan, A Professional Corporation
    545 Long Wharf Drive, Ninth Floor
    New Haven, Connecticut 06511
    Telephone: (203) 672-1636
    Facsimile: (203) 672-1656
    Email michael.caldwell@leclairryan.com