# Exhibit E



# Fox Rothschild LLP
### ATTORNEYS AT LAW

Mail: P.O. Box 5231, Princeton, NJ 08543-5231

Princeton Pike Corporate Center
997 Lenox Drive, Building 3
Lawrenceville, NJ 08648-2311
Tel 609.896.3600  Fax 609.896.1469
www.foxrothschild.com

Jack L. Kolpen
Direct Dial:  (609) 895-3304
Internet Address:  jkolpen@foxrothschild.com

September 16, 2014

**VIA HAND DELIVERY**

Clerk, Superior Court of New Jersey
Mercer County – Law Division
175 South Broad Street
Trenton, NJ  08650

        Re:    **Beta Pharma, Inc., et al. v. Lance Liu**

Dear Sir or Madam:

    We represent Plaintiffs Beta Pharma, Inc., Beta Pharma Scientific, Inc. and Don Zhang in the above-referenced matter.  Enclosed herewith are an original and two copies of the following:

1.     Order To Show Cause;

2.     Brief in Support of Order to Show Cause;

3.     Verified Complaint;

4.     Case Information Statement; and

5.     Certification of Filing and Service.

A Pennsylvania Limited Liability Partnership

California    Colorado    Connecticut    Delaware    District of Columbia
Florida    Nevada    New Jersey    New York    Pennsylvania



Fox Rothschild LLP
ATTORNEYS AT LAW

September 16, 2014
Page 2

        Also enclosed is my firm's check in the amount of $200.00 in payment of the applicable filing fee as well as a self-addressed, stamped envelope for the executed Order To Show Cause and file-stamped copies of the pleadings.  Should there be any additional fees associated with this filing, please charge our Superior Court Account No. 31965.

        Please do not hesitate to contact me should you have any questions regarding this filing.

        Very truly yours,

        Jack L. Kolpen

JLK:bc
Enclosures
cc.    Lance Y. Liu, Ph.D., Esquire (Via Hand Delivery) (w/encls.)
       John Ponterio, Esquire (Via E-Mail) (w/encls.)
       Matthew F. Schwartz, Esquire (Via E-Mail) (w/encls.)

27023354v1 09/16/2014

**FOX ROTHSCHILD LLP**
Formed in the Commonwealth of Pennsylvania
By:     Jack L. Kolpen, Esquire  (N.J.I.D.# 026411987)
        Barry J. Muller, Esquire (N.J.I.D. # 016911998)
        Abbey True Harris, Esquire (N.J.I.D. #029112005)
Princeton Pike Corporate Center
997 Lenox Drive, Building 3
Lawrenceville, NJ  08648-2311
(609) 896-3600
*Attorneys for Plaintiffs Beta Pharma, Inc.,*
*Beta Pharma Scientific, Inc., and Don Zhang*

| | |
|---|---|
| BETA PHARMA, INC., BETA PHARMA SCIENTIFIC, INC., AND DON ZHANG,<br><br>Plaintiff,<br><br>v.<br><br>LANCE LIU,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION – MERCER COUNTY<br>DOCKET NO.:<br><br>CIVIL ACTION<br><br>**ORDER TO SHOW CAUSE<br>TEMPORARY RESTRAINTS** |

**THIS MATTER** having been opened to the Court by Fox Rothschild LLP (Jack L.

Kolpen, Esq., appearing), attorneys for Plaintiffs, Beta Pharma, Inc., Beta Pharma Scientific, Inc.

and Don Zhang, on notice to Defendant, Lance Liu, Esquire, and the Court having considered the

moving papers and any opposition thereto; and the Court have considered the arguments of

counsel; and for the reasons set forth on the record; and for other good cause having been shown;

IT IS on this ___ day of September ____, 2014;

26913087v1 09/16/2014

ORDERED that defendants shall show cause before this Court at the Mercer County Court House, 175 South Broad Street, Trenton, New Jersey 08650 on this _____ day of September, 2014 at __:__ __.m., as to why an Order should not be entered in favor of Plaintiffs and against Defendant:

      1.    barring Attorney Liu from communicating with the attorneys who are representing adverse parties in <u>Xie v. Beta Pharma et al</u>, NNH-CV13-6035116-S, pending in the Superior Court of Connecticut ("Xie Action") and <u>Shao et al. v. Beta Pharama, Inc et al.</u>, No. Civil Action No. 3:14CV01177 (CSH), pending in the USDC Conn. ("Buyers' Action");

      2.    barring Attorney Liu from soliciting parties to sue the Beta Pharma Parties, his former clients;

      3.    barring Attorney Liu from participating in joint representations adverse to his former clients' interests in the Xie Action or Buyers' Action;

      4.    barring Attorney Liu from communicating with parties who are suing the Beta Pharma parties in Xie Action and Buyers' Action about the Xie Action and Buyers' Action;

      5.    barring Attorney Liu from disclosing confidential information related to the representation of Beta Pharma, Scientific and Zhang;

      6.    compelling Attorney Liu to terminate his attorney-client relationship with Guojian Xie in the Xie Action;

      7.    compelling defendant to terminate his attorney-client relationship with Shanshan Shao, Hongliang Chu, Qian Liu, Song Lu and Xinshan Kang in the Buyers' Action;

      8.    compelling defendant to terminate his joint representation with Jonathan Katz, Esq., in the Xie Action and Buyers' Action;

      9.    compelling Attorney Liu to identify parties he solicited to sue Plaintiffs;

- 2 -

10.   compelling Attorney Liu to identify Beta Pharma's confidential and protected information he disclosed;

11.   compelling Attorney Liu to identify any information he disclosed to third parties regarding his representation of Beta Pharma, Inc. and Beta Pharma Scientific, Inc..

12.   requiring that the parties conduct expedited discovery as to Defendant's disclosure of information regarding Plaintiffs as follows:

    a.   The parties must serve interrogatories and document demands on this limited issue must be served no later than _____.

    b.   The parties must respond to interrogatories and document demands on this limited issue no later than _____.

    c.   Fact witness depositions on this limited issue must conclude no later than

_____.

**FURTHER ORDERED** that pending the return date of this Order to Show Cause, Defendant shall take no action to:

1.   Soliciting any person or entity to bring a legal claim against Plaintiffs anywhere in the world.

2.   Communicating directly or indirectly with Gojian Xie about the Xie Action or any Plaintiff in the Buyers' Action about the Buyers' Action;

3.   Communicating directly or indirectly with Jonathan Katz, Esquire, regarding the Xie Action or the Buyers Action; and it is

**FURTHER ORDERED**, that a copy of this Order to Show Cause and the Verified Complaint and Letter Brief filed herein shall be served upon the Defendant *via* hand delivery within ___ days of entry hereof; and it is

- 3 -

26913087v1 09/16/2014

**FURTHER ORDERED**, that the Defendant shall serve and file any opposition to this Order to Show Cause upon the attorneys for Plaintiffs at least _____ days prior to the return date of this Order to Show Cause. Plaintiffs may serve a reply to the opposition upon attorneys for the Defendant at least _____ days prior to the return date of the Order to Show Cause; and it is

**FURTHER ORDERED**, that Defendant must serve upon the attorneys for the Plaintiffs an Answer to the Verified Complaint within 35 days after service of this Order to Show Cause and Verified Complaint, exclusive of the date of the service. If the Defendant fails to answer, judgment by default may be entered against the defaulting Defendant for the relief demanded in the Verified Complaint. The Answer should be filed promptly with proof of service thereof in duplicate with the Clerk of the Superior Court of New Jersey, Law Division, Mercer County, 175 South Broad Street, Trenton, New Jersey 08650 in accordance with the Rules of Civil Practice and Procedure. If Defendant cannot afford to pay an attorney, the telephone number for the Mercer County Legal Services is (609)695-6249. If the individual is not eligible for free legal assistance he may obtain a referral to an attorney by calling the Mercer County Bar Association's Lawyer Referral Service at (609) 585-6200. This Order to Show Cause shall serve as a substitute summons.

_____
J.S.C.

26913087v1 09/16/2014

| | |
|---|---|
| BETA PHARMA, INC., BETA PHARMA SCIENTIFIC, INC., AND DON ZHANG, | : SUPERIOR COURT OF NEW JERSEY<br>: LAW DIVISION – MERCER COUNTY<br>: |
| Plaintiff, | :<br>: DOCKET NO.:<br>: |
| v. | : CIVIL ACTION<br>: |
| LANCE LIU, | :<br>: |
| Defendants. | :<br>: |

---

## BRIEF IN SUPPORT OF PLAINTIFFS' APPLICATION FOR AN ORDER TO SHOW CAUSE WITH TEMPORARY RESTRAINTS

---

**FOX ROTHSCHILD LLP**
Formed in the Commonwealth of Pennsylvania
Princeton Pike Corporate Center
997 Lenox Drive, Building 3
Lawrenceville, NJ  08648-2311
(609) 896-3600
*Attorneys for Plaintiffs Beta Pharma, Inc.,*
*Beta Pharma Scientific, Inc., and Don Zhang*

On the Brief:

    Jack L. Kolpen, Esquire  (N.J.I.D.# 026411987)
    Barry J. Muller, Esquire (N.J.I.D. # 016911998)
    Abbey True Harris, Esquire (N.J.I.D. #029112005)

PRELIMINARY STATEMENT

Defendant, New Jersey attorney Lance Liu, used to represent Plaintiffs. Now, however, he has switched sides and, using confidential information he gained from his representation of Plaintiffs, is soliciting third parties to sue Plaintiffs in the same matters in which he had previously advised Plaintiffs, and jointly representing those third parties in those suits. Plaintiffs bring this action to protect their confidences and privileged information, and to stop these ethical violations.

To prevent the ongoing disclosure of their confidences and other immediate and irreparable harm, Plaintiffs respectfully request that the Court issue an Order to Show Cause with Temporary Restraints prohibiting Liu from:

(1) Soliciting any person or entity to bring a legal claim against Plaintiffs, his former clients;

(2) Communicating directly or indirectly with the third parties suing Plaintiffs (his former clients) regarding those lawsuits; and

(3) Communicating directly or indirectly with the attorneys for the third parties suing Plaintiffs (his former clients) regarding those lawsuits.

FACTS[1]

I.   Background

Plaintiff Beta Pharma, Inc. ("Beta Pharma") is a drug discovery company focusing on oncological drugs. Plaintiff Beta Pharma Scientific, Inc. ("Scientific") is a contract research organization that supplies ready-made and custom-synthesized chemicals for the pharmaceutical and biotechnology R&D community. Plaintiff Don Zhang ("Zhang") is the CEO, President and shareholder of Beta Pharma and Scientific. (Verified Complaint ("VC") at ¶¶ 1-3, 6, 8.)

---

[1]   These facts are set forth in Plaintiffs' Verified Complaint.

Defendant Lance Liu ("Defendant" or "Liu" or "Attorney Liu") is an attorney who is licensed to practice law in New Jersey. Liu represented both Beta Pharma and Scientific between approximately July 2011 until approximately November 2012. (Id. at ¶¶ 12, 32.)

On July 18, 2006, the United States Patent & Trademark Office ("USPTO") issued Patent No. 7,078,409 (the "409 Patent") to Beta Pharma. The 409 Patent claims a class of anticancer agents, including Icotinib, a drug that was approved for the treatment of non-small cell lung cancer in the People's Republic of China ("China") in June 2011. Beta Pharma contributed the Chinese rights to the corresponding Chinese Patent Application of the 409 Patent to Zhejiang Beta Pharma Co., Ltd. ("ZJBP"), a Chinese company organized under the laws of China. In exchange for those patent rights, Beta Pharma received an ownership interest in ZJBP. ZJBP has announced that it intends to make an initial public offering of its stock in China. (Id. at ¶¶ 9-11.)

## II.    Liu's Representation of Beta Pharma and Scientific

Liu formed an attorney-client relationship with Liu Beta Pharma and Scientific during July 2011. That same month, Liu also entered into a "Mutual Non-Disclosure and Non-Use Agreement" with Beta Pharma, which provides that Liu would not disclose Beta Pharma's Confidential Information. A copy is attached to the Verified Complaint as Exhibit 1. Liu never provided Beta Pharma or Scientific with a written retainer agreement or other documents setting forth the scope of the representation or how he intended to charge for legal services. (Id. at ¶¶ 12-14.) Liu nevertheless provided comprehensive legal services to Beta Pharma and Scientific, including rendering legal advice regarding the 409 Patent, real estate leases, taxation issues, employment issues, contract issues, and corporate and stock transfer issues.[2]   Liu had a Beta

---

[2] Some of the evidence that Plaintiffs intend to offer is protected by attorney-client privilege, the work product doctrine, or is otherwise confidential. To the extent the Court needs to review such

Pharma email address and billed Beta Pharma in excess of $126,000 for legal services provided between July 2011 and December 2012, which Beta Pharma paid. (Id. at ¶¶ 15-16.)

During the representation, Liu received unfettered access to Beta Pharma's and Scientific's corporate information, including highly confidential and proprietary business information such as research projects, business contracts, investor information, financial information, tax filings and related information, employee information and settlements, and proposed stock valuations.  Liu also received confidential and privileged requests for legal advice from Beta Pharma and Scientific, and rendered confidential and privileged legal advice on intellectual property issues, corporate issues, employment issues, stock sale issues, tax issues, and real estate issues. (Id. at ¶¶ 17-18.)

### A.    Liu Represented Beta Pharma in Connection with Xie.

As part of the representation, Liu provided legal advice and counsel to Beta Pharma in connection with a plan to send Guojian Xie ("Xie"), its then-employee, to China to form a drug discovery company named Sanda.   The legal advice and discussions between Liu and Beta Pharma included advice on the business relationship between Xie and Beta Pharma and Xie's compensation.   In order to render that legal advice, Liu had confidential attorney-client communications with Beta Pharma regarding Xie. (Id. at ¶¶ 20-21.)

### B.    Liu Represented Beta Pharma in Connection with the Sale of ZJBP Stock.

During the Representation, Liu provided Beta Pharma with legal advice and counsel in connection with Beta Pharma's potential sale of shares of ZJBP stock to certain buyers

---

information, the Plaintiffs request permission to submit that evidence in camera, pursuant to R. 1:2.1. See also O Builders & Associates, Inc. v. Yuna Corp. of N.J., 206 N.J. 109, 129 (2011) ("In those instances where the disclosure of confidential information must be made so that the court can grapple fairly with the issues, the parties may protect the confidentiality of their

("Buyers"). (Id. at ¶ 22.)   In September 2012, Liu traveled to China to attend ZJPB board meetings as Beta Pharma's lawyer and representative.   At those ZJBP board meetings, decisions were made concerning Beta Pharma's right to transfer ZJBP stock to third parties with whom Beta Pharma had entered or intended to enter into stock purchase agreements, and ZJBP's initial public offering.  Liu voted Zhang's proxy in at least one ZJBP board meeting. (Id. at ¶¶ 23-24.)

During and as a part of the Representation of Beta Pharma, Liu had confidential attorney-client communications with Beta Pharma about ZJBP stock, the sale and potential sale of that stock to third parties, ZJBP board meetings, stock transfers and valuations, and ZJBP's planned initial public offering. (Id. at ¶ 25.)

During November 2012, Liu purported to terminate his attorney client relationship with Beta Pharma and Scientific by e-mail but continued to involve himself in Plaintiffs' legal issues. (Id. at ¶ 32.)

## III.   Liu Switches Sides and Represents Adverse Parties in the Same Matters in Which He Represented Beta Pharma, Scientific and Zhang.

Liu has switched sides by soliciting parties to sue Plaintiffs in the same matters in which he provided legal services, entering into attorney-client relationships with those parties, and entering into a joint representation with a Connecticut attorney to sue Plaintiffs in two separate actions. (Id. at ¶ 31.)

### A.   *Liu Represents Xie in Suing Beta Pharma, Scientific, and Zhang.*

On December 12, 2012, Xie filed a lawsuit against Beta Pharma, Scientific and Zhang in the Superior Court of Connecticut ("Xie Action").  In the Xie Action, Xie alleges, among other things, that Beta Pharma, Zhang, and Scientific breached an alleged oral promise with Xie to

---

information by, among other means, requesting . . . that the application be considered in

give him 20% of Beta Pharma. Xie also claims he is an inventor of Icotinib and that he is identified as an inventor on the 409 Patent. Xie is represented in the Xie Action by Attorney Jonathan Katz, Esquire ("Katz"), a member of the Connecticut bar. (Id. at ¶¶ 34-37.)

After Beta Pharma, Scientific and Zhang became suspicious that Liu was providing information to Xie to assist in the Xie Action, Beta Pharma and Scientific subpoenaed Liu. Although Liu is not admitted to practice law in Connecticut and has not entered an appearance in the Xie Action, in response to that subpoena, Liu represented to the Superior Court of Connecticut that he should not have to produce documents regarding his provision of information to Xie and/or Katz because he: (a) has an attorney-client relationship with Xie relating to the claims in the Xie Action; (b) with Katz, is jointly representing Xie in the Xie Action; and (c) is represented by Xie's lawyer, Katz. (Id. at ¶¶ 38-41.)

Liu never requested a conflict waiver from Beta Pharma, Scientific, and Zhang, and Beta Pharma, Scientific, and Zhang have not consented to Liu's representation of Xie in the Xie Action. Nor have Beta Pharma, Scientific, and Zhang consented to Liu's disclosure of their confidential and/or privileged information to Xie or his counsel. Put simply, Liu is representing and advising Xie in a lawsuit adverse to Beta Pharma, Scientific and Zhang, using privileged and/or confidential information he obtained during his representation of Beta Pharma and Scientific. (Id. at ¶¶ 44-47.)

## B.   *Liu Represents Buyers of ZJBP Stock in Suing Beta Pharma and Zhang.*

On or about July 10, 2014, five plaintiffs, who claim they were Buyers of ZJBP stock, filed a complaint against Beta Pharma and Zhang in the Superior Court of Connecticut (the "Buyers Action"). Beta Pharma and Zhang have removed the Buyers' Action to the United

camera.")

States District Court for the District of Connecticut.  In the Buyers' Action, the Buyers allege, among other things, that Beta Pharma and Zhang allegedly breached agreements to sell ZJBP stock to them. (Id. at ¶¶ 48-49.)

The Buyers are represented by Katz, the same attorney who represents Xie in the Xie Action and who represents Liu.  Liu introduced the Buyers to Katz, and has solicited other Buyers to become plaintiffs in the Buyers' Action.  For example, a few months ago, Liu cold-called Wei Yuan, a Buyer with whom Liu had no prior relationship, solicited Yuan to sue Beta Pharma, and directed him to Katz. (Id. at ¶¶ 50-51.)  Yuan initially took Liu up on the offer, but decided not to continue to pursue his claim.  See Exhibit 2 to Verified Complaint.

During the Representation, Liu provided confidential legal advice to Beta Pharma about the sales of ZJBP stock.  Although Liu is not admitted to practice law in Connecticut and has not entered an appearance as a counsel of record in the Buyers' Action, as set forth in the response to the subpoena, Liu represented to the Superior Court of Connecticut that he should not have to produce documents and testify regarding his provision of information to Buyers and/or Katz because he: (a) has an attorney-client relationship with the Buyers relating to the claims in the Buyers' Action; (b) with Katz, is jointly representing Buyers in the Buyers' Action; and (c) his represented by Katz.  A copy of Liu's response to the Subpoena is attached as Exhibit 3 to the Verified Complaint. (Id. at ¶¶ 52-53.)

Liu has also asserted that he cannot provide Beta Pharma, Zhang, and Scientific with information regarding ZJBP because he has a Confidentiality Agreement with ZJBP that precludes him from disclosing communications between him and ZJBP. A copy of Liu's supplemental response is attached as Exhibit 4 to the Verified Complaint.  Liu refuses to even provide a copy of the alleged confidentiality agreement.  During the Representation of Beta

Pharma and Scientific, Liu's interactions with ZJBP were as a lawyer and representative for Beta Pharma and Scientific, not as a business associate or representative of ZJBP. (Id. at ¶¶ 54-55.)

Liu has disclosed confidential information of Beta Pharma, Scientific, and/or Zhang regarding the Buyers' claims to the Buyers and/or Katz. Liu never requested a conflict waiver, and Beta Pharma, Scientific, and Zhang have not consented to Liu's representation of the Buyers in the Buyers' Action. (Id. at ¶¶ 57-58.) Nor have Beta Pharma, Scientific, and Zhang consented to Liu's disclosure of confidential information to the Buyers or their counsel. Once again, Liu is representing and advising the Buyers in a lawsuit adverse to Beta Pharma and Zhang, using privileged and/or confidential information he obtained during his representation of Beta Pharma and Scientific. (Id. at ¶ 59.)

### C.   Liu Refuses to Cooperate With Beta Pharma, Scientific, and Zhang.

When Beta Pharma and Scientific sought to recover their legal files from Liu, Liu initially refused to provide a copy of his attorney file. As a result, Beta Pharma and Scientific were forced to commence an action against him in the Superior Court of New Jersey, Chancery Division, Mercer County, Docket No. MER-C-46-14. In response to that action, Liu provided certain information. Beta Pharma and Scientific then dismissed that action without prejudice. (Id. at ¶¶ 61-63.)

Liu has admitted deleting emails from his email account that relate to the representation, and he did not provide Plaintiffs with all of the documents from the representation. In particular, Liu withheld communications with Plaintiffs that demonstrate that he has conflict of interest that precluded him from having an adverse relationship with Plaintiffs. (Id. at ¶¶ 64-65.)

<u>LEGAL ARGUMENT</u>

I.  <u>Defendant Must Be Enjoined from Engaging in Serious Attorney Misconduct and Disclosing Plaintiffs' Confidential and Privileged Information.</u>

Plaintiffs are suffering – and, unless Defendant is enjoined, will continue to suffer – immediate and irreparable harm from Defendants' unethical conduct. Plaintiffs' confidences and privileged information are being shared with their litigation adversaries by their former counsel. Because this harm cannot be undone and there is no adequate remedy at law, Plaintiffs ask this Court to enter a temporary injunction prohibiting Liu from: (1) soliciting any person or entity to bring a legal claim against Plaintiffs, his former clients; (2) communicating directly or indirectly with Xie or the Buyers regarding the Xie Action or the Buyers' Action against Plaintiffs, his former clients; and (3) communicating directly or indirectly with Katz regarding the Xie Action or the Buyers' Action.

Under <u>Crowe v. De Gioia</u>, 90 <u>N.J.</u> 126, 132-34 (1982), the Court should consider the following factors in determining whether to grant temporary injunctive relief:

- whether the plaintiff will suffer irreparable harm if the injunction is not entered;
- whether the plaintiff has a reasonable probability of ultimate success on the merits;
- whether the legal right to relief under plaintiff's claim is settled; and
- the relative hardship to the parties and the public interest.

As demonstrated below, all of the factors favor injunctive relief.

A.   *Plaintiffs Will Suffer Immediate and Irreparable Harm Absent an Injunction.*

Liu is Plaintiffs' former lawyer. Information that Liu acquired as a result of his representation of plaintiffs is confidential, protected by the attorney-client privilege, and also may be subject to the work-product doctrine. Rule of Professional Conduct 1.6(a); <u>N.J.R.E.</u> 504; <u>R.</u> 4:10-2(c). Permitting a former lawyer to continue to disclose such information and to

participate in conflicted representations subjects Plaintiffs to immediate and irreparable harm, because once information is disclosed, it cannot be undisclosed.  The Third Circuit has recognized the unique harm that befalls clients when attorney-client privileged information is disclosed under any circumstances, especially when litigation is pending:

> Appeal after final judgment cannot remedy the breach in confidentiality occasioned by erroneous disclosure of protected materials.  At best, on appeal after final judgment, an appellate court could send the case back for re-trial without use of the protected materials.  At that point, however, the cat is already out of the bag . . . . Attorneys cannot unlearn what has been disclosed . . . they are likely to use such material for evidentiary leads, strategy decisions or the like.  More colorfully, there is no way to unscramble the egg scrambled by the disclosure; the baby has been thrown out with the bath water.

> [Bacher v. AllState Ins. Co., 211 F.3d 52, 54 (2000).]

See also, e.g., Admiral Ins. Co. v. U.S. Dist. Court for Dist. of Arizona, 881 F.2d 1486, 1491 (9th Cir. 1989) (discussing presence of irreparable harm in forced disclosure of privileged material and noting that "maintenance of the attorney-client privilege up to its proper limits has substantial importance to the administration of justice" and "an appeal after disclosure of the privileged communication is an inadequate remedy"); Owens v. Office of Dist. Attorney for Eighteenth Judicial Dist., 896 F.Supp.2d 1003, 1014 (D. Colo. 2012) (citations omitted) (recognizing that "the general injury or harm caused by the improper disclosure of material subject to the attorney-client privilege is irreparable").

Even outside attorney-client confidences, the New Jersey courts have long recognized that the disclosure of confidential information is an irreparable harm which justifies injunctive relief. National Starch & Chem. Corp. v. Parker Chem. Corp., 219 N.J. Super. 158, 162-63 (App. Div. 1987). In National Starch, the Appellate Division held that the possible disclosure of

trade secrets was irreparable harm warranting interlocutory relief. Id. at 162. Once disclosure has occurred, the "cat is out of the bag." Id. at 163.

Here, there can be no question that the disclosure of their confidential information is irreparably harming Plaintiffs. Their former attorney is using confidential information learned during his representation to advise others on how to act against them in the same matters on which he provided legal advice. This is a bell that cannot be unrung, and the remedies that Plaintiffs seek are reasonable in the light of this attorney's wrongful conduct.

## B. *Plaintiffs are Highly Likely to Succeed on the Merits.*

Plaintiffs satisfy the second prong of the Crowe v. De Gioia test because they have demonstrated an extremely high likelihood of success on the merits of their claims, which are based on established law. See 90 N.J. 126 at 132-134.

Plaintiffs allege in their complaint that Liu breached his fiduciary duty (Count 1); breached his duty of loyalty (count 2); breached his duty of confidentiality (count 3); committed a breach of contract (count 4); and engaged in attorney misconduct (count 8), all of which essentially require a plaintiff to prove an attorney/client relationship creating a duty of care, a breach of that duty of care, and resulting injuries to Plaintiff. See generally Garcia v. Kozlov, Seaton, Romanini & Brooks, P.C., 179 N.J. 343, 357 (2004); Jerista v. Murray, 185 N.J. 175, 190-91 (2005).

Liu cannot dispute that he had an attorney-client relationship with Plaintiffs from July 2011 through November 2012, that he provided comprehensive legal services to them, and that Plaintiffs are his former clients. Indeed, Liu was rewarded handsomely during the engagement, collecting legal fees in excess of $126,000.

It, of course, follows that this representation gives rise to a duty of care – most notably, loyalty and confidentiality – due and owing from Liu to Plaintiffs. Innes v. Marzano et al, 435 N.J. Super. 198, 217 (App. Div. 2014) (quotation omitted) ("[A]n attorney who intentionally violates the duty of loyalty owed to a client commits a more egregious offense than one who negligently breaches the duty of care."); Salvemini v. Spector, 2013 WL 6508500 (App. Div. 2013) ("In addition to the duty of loyalty, an attorney's fiduciary role requires he attend to and look out for the client's best interest."); Estate of Spencer v. Gavin, 400 N.J. Super. 220, 241-43 (App. Div.), certif. denied, 196 N.J. 346 (2008) (quotation omitted) (although New Jersey law imposes duties of fairness, good faith, and fidelity upon all fiduciaries, "an attorney is held to an even higher degree of responsibility in these matters than is required of all others."); Michels, New Jersey Attorney Ethics 266 (Gann 2014) (explaining that attorney's duty of loyalty "is embodied primarily in the provisions governing conflicts of interest.")

In addition to violating these clear duties, Liu has violated a host of the Rules of Professional Conduct ("RPC"), which demonstrates a violation of the standards of care owed to Plaintiffs. Courts may, of course, turn to the RPCs "as prescribing the requisite standard of care and requisite scope of the attorney's duty to a client." Gilles v. Wiley, Malehorn & Sirota, 345 N.J.Super. 119, 125 (App. Div. 2001) (citing Baxt v. Liloia, 155 N.J. 190, 201 (1998); Davin L.L.C. v. Daham, 329 N.J. Super. 54, 74 n.3 (App. Div. 2000)). A breach of an RPC is evidential of the failure of a lawyer to comply with a standard of care. Innes, supra, 193 N.J. at 217.

RPC 1.9 sets a standard of care for safeguarding information learned during a representation. Under that rule, a lawyer who previously represented a client is prohibited from "(1) using information relating to the representation to the former client's disadvantage . . . and

(2) revealing information relating to the representation . . . ."  Michels, <u>New Jersey Attorney Ethics</u> 518 (Gann 2014).  Specifically, RPC 1.9 provides, in relevant part:

<u>RPC 1.9 Duties to Former Clients</u>

(a) A lawyer who has represented a client in a matter shall not thereafter represent another client in the same or a substantially related matter in which that client's interests are materially adverse to the interests of the former client unless the former client gives informed consent confirmed in writing.

* * * *

(c) A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter:

(1) use information relating to the representation to the disadvantage of the former client except as these Rules would permit or require with respect to a client, or when the information has become generally known; or

(2) reveal information relating to the representation except as these Rules would permit or require with respect to a client.

Liu is brazenly violating both the letter and spirit of RPC 1.9 (a) and (c) by representing clients adverse to Beta Pharma, Scientific, and Zhang on the same matters on which he previously represented them and by using their own confidential information against them.  In doing so, he has breached duties of care owing to Beta Pharma, Beta Scientific and Zhang.

1.  <u>Liu Breached the Duty of Care Owing to Plaintiffs by Soliciting Third Parties to Sue Plaintiffs and Representing the Third Parties in the Buyers' Action.</u>

Liu violated a duty of care due and owing to Plaintiffs under RPC 1.9(a) and (c).  Liu is soliciting potential parties, with whom Beta Pharma entered into stock purchase agreements, to sue Beta Pharma and Zhang in the Buyer's Action.   Accordingly to Wei Yuan, one such party, Liu, with whom he had no prior relationship, cold-called Yuan in June 2014; said he heard that Yuan was unhappy with his relationship with Beta Pharma; invited Yuan to sue Beta Pharma and Zhang; and connected Yuan with attorney Katz  for that purpose.  See Affidavit of Wei Yuan,

dated September 12, 2014, attached as Exhibit 2.    Yuan initially took him up on that offer, signed up with Katz, but later had a change of heart and withdrew.

It is a fair inference that Liu solicited some or all of the plaintiffs in the Buyer's Action and funneled them to Katz, as Liu learned the identities of the parties and the specifics of the stock purchase transactions only as a result of his representation of Beta Pharma, his former client.    Liu even traveled to China as Beta Pharma's lawyer to attend a ZJBP board meeting in September 2012, during which ZJBP confirmed it would not permit Beta Pharma to transfer ZJBP stock to the plaintiffs in the Buyers' Action, among others.    Liu not only possesses confidential information on stock purchase transactions, but he actually provided tax advice and related legal advice to Beta Pharma on stock purchase transactions, including legal advice on whether and how to unwind stock purchase transactions.    Remarkably, during the representation, Liu located and negotiated with a Chinese company to whom ZJBP ultimately agreed Beta Pharma could sell ZJBP stock.

This is a blatant violation of RPC 1.9(c), which expressly prohibits the use of client information to the client's disadvantage.    Liu acquired information about the stock purchase transactions as a result of the representation of his former clients.    He is now using that information against his former clients.    This violation of the plain language of RPC 1.9(c) should be enjoined.

Liu is also violating RPC 1.9(a) because his current attorney-client relationship and joint representation of the Buyers is adverse to his former clients in the same matter – Liu provided advice to Beta Pharma and Zhang regarding the stock purchase transactions.    A lawyer cannot represent one party in a single matter and then switch sides and represent an adverse client in the same matter.    See In re Blatt, 42 NJ. 522, 524 (1964); Twenty-First Century v. Transit Corp., 201

N.J. 264 (2012).  Significantly, the "same ... matter" in RPC 1.9 is construed broadly.  See Michaels, New Jersey Attorney Ethics, (Gann 2014) § 21:3 (collecting cases demonstrating a broad reading of the phrase "same ....matter").  Liu is not permitted to give Beta Pharma advice about stock transactions one day and on the next solicit claimants, form joint representations, and sue Beta Pharma relating to those transactions.

### 2.   Liu Breached a Duty of Care Owing to Plaintiffs in The Xie Action

Liu is also violating RPC 1.9 (a) and (c) with respect to the Xie Action.  Liu provided legal advice to Plaintiffs concerning Xie's employment, and in particular, their plan to send Xie to China for the purposes of starting a drug discovery company in China named Sanda.  Without waiving the attorney-client privilege for those protected and confidential communications, Liu provided advice concerning Xie's involvement in Sanda and Xie's compensation for that involvement.   Xie's involvement in Sanda is directly related to the Xie Action, and is part of the same matter.  Even if it were not the same matter, the matters are substantially related, as Liu has information about Liu's employment (i.e., his knowledge of the Sanda and his advice concerning Xie's relationship to Sanda).

Accordingly, Liu has breached his duties of loyalty, confidentiality, and care to his former client because he has formed an attorney-client relationship with Xie and entered into a joint representation Katz in a substantially related matter, and has information relevant to that representation.

Liu has also violated the letter and spirit of RPC 1.6, which protects the confidentiality of client information during and after the representation.  "In general, RPC 1.6(a) imposes a broader duty of confidentiality than the attorney-client privilege."  Michaels, New Jersey Attorney Ethics 310 (Gann 2014) (citing Twenty-First Century Rail v. NJT, 419 N.J. Super. 343, 359 (App. Div.

2011), rev'd on other grds, 210 N.J. 264 (2012)).  Notably, the "confidentiality requirement of RPC 1.6(a) extends to any information relating to the representation of a client."  Id. at 313. Here, Liu has substantial information regarding his representation of Plaintiffs, including information directly related to the claims in the Xie Action and the Buyers' Action.  By disclosing this information, Liu has violated his duty of confidentiality, and Plaintiffs are highly likely to prevail on the merits.

C.   *Plaintiffs' Legal Right to Relief is Settled.*

Plaintiffs' claims are based upon well-settled law.  There can be no dispute that attorneys owe their clients duties of loyalty, confidentiality, and care.  RPC 1.1, 1.6, 1.7 & 1.9.  It is also well-settled that injunctive relief is appropriate to prevent disclosure of confidences.  National Starch, 219 N.J. Super. at 162-63.   The verified facts before this Court along with the clear law that protects the sanctity of the attorney-client relationship mandate the issuance of an injunction.

D.   *The Balance of the Equities and the Public Interest Weigh in Favor of Injunctive Relief.*

Plaintiffs have a strong interest in maintaining the confidentiality and loyalty that is owed to them by Liu, as well as in protecting their confidences and privileged information.  To the contrary, Liu has no permissible interest in violating the RPCs and duties owed to his former clients.   There is no conceivable legal basis for an attorney to do what Liu has done. Accordingly, the balance of the equities weighs heavily in favor of injunctive relief.

As demonstrated by the Rules of Professional Conduct, the public interest also weighs heavily in favor of injunctive relief.  There is a strong public interest in protecting attorney-client relationships, in particular attorney-client confidences.  See RPC 1.6.  Accordingly, an injunction should issue to prevent Liu from further breaching his duty of confidentiality.

## CONCLUSION

The verified facts before this Court support a finding that injunctive relief granted in the favor of Plaintiffs and against Defendant is appropriate.   Hence, this Court should grant Plaintiffs' application.

Respectfully Submitted,

FOX ROTHSCHILD LLP
**Attorneys for Plaintiffs**

Jack L. Kolpen
Barry J. Muller
Abbey True Harris

Dated:  September  16 2014