# EXHIBIT 1

## MUTUAL NON-DISCLOSURE AND NON-USE AGREEMENT

This AGREEMENT is made by and between Beta Pharma, Inc. at 31 Business Park Drive, Branford, CT06405 (hereinafter "BetaPharma") and Lance Liu at 4 Colonial Court, Middlebury, CT 06762 (hereinafter "Lance Liu").

### WITNESSETH

WHEREAS, BetaPharma and Lance Liu are interested in evaluating their respective interests in entering into a possible mutually beneficial business arrangement; and

WHEREAS, it will be necessary for BetaPharma and Lance Liu to exchange certain confidential and proprietary information relating to certain of their respective research and development programs, in order for them to carry out the above-described evaluation;

WHEREAS both PARTIES believe that the execution and delivery of this AGREEMENT is in their best interests;

NOW, THEREFORE, in consideration of the mutual covenants contained herein, the PARTIES do agree as follows:

Preamble: The preamble forms an integral part of this AGREEMENT

2.  Definitions

    (a) As used herein, the term "PARTIES" shall mean BetaPharma and Lance Liu, and the term "PARTY" shall mean either of them, as the context shall indicate.

    (b) As used herein, the term "AFFILIATED COMPANIES" shall mean.

        (i) a business entity which owns, directly or indirectly, a controlling interest in a PARTY, by stock ownership or otherwise; or

        (ii) a business entity in which the controlling interest is owned by a PARTY, either directly or indirectly, by stock ownership or otherwise; or,

        (iii) a business entity in which ownership of the controlling interest is directly or indirectly common to that of a PARTY.

    (c) As used herein, the term "Confidential Information" shall mean any and all information, data, know-how, or samples, relating to the research, development, sales or marketing programs of a PARTY, and, or its AFFILIATED COMPANIES, which is (are) disclosed or given by that

PARTY, or on its behalf, to the other PARTY, or to an agent of the other PARTY disclosed hereunder in a writing, marked "Confidential", or, if initially disclosed orally, visually and/or in another intangible form, and identified as "Confidential" at the time of disclosure. Confidential Information shall not, however, include:

(i)   Information which is now generally available to the public or which after disclosure Hereunder becomes generally available to the public, through no fault attributable to the RECEIVING PARTY; or,

(ii)  information which was known by a PARTY prior to receipt hereunder, as evidenced by competent proof, or which is subsequently generated by that PARTY or an AFFILIATED COMPANY by persons who have not had access to or knowledge of the information disclosed hereunder; or,

information which is lawfully received by a PARTY after the Effective Date from any party other than the DISCLOSING PARTY or the DISCLOSING PARTY's AFFILIATED COMPANIES, their employees or agents; or,

Information which is expressly released in writing from the obligation of confidentiality imposed by this AGREEMENT; or

(v)   Information which is disclosed pursuant to a formal request of a government body, agency or a court of law but the RECEIVING PARTY shall inform the DISCLOSING PARTY of such request immediately and prior to disclosure in order to allow the DISCLOSING PARTY to take the appropriate measures.

3     Both PARTIES warrant that they have the full and unconditional right to disclose to each other the Confidential Information covered by this AGREEMENT. Each PARTY gives no warranty as to the accuracy or completeness of any Confidential Information, and is under no obligation to disclose any particular information under this AGREEMENT.

4.    After the execution of this AGREEMENT, the PARTIES may disclose to each other Confidential Information pertaining to the topics listed in Schedule A, which is attached hereto and made a part hereof. Such disclosures shall be made and received for the sole purpose of enabling the PARTIES to evaluate their respective interests in entering into the contemplated relationship. During the term of this AGREEMENT and for a period of five (5) years thereafter, a PARTY receiving Confidential Information from the other agrees;

a)   not to use the Confidential Information which it receives for any purposes other than those specified above; and

b)   to take all reasonable precautions to prevent the disclosure of the Confidential Information which it receives to any third party, other than AFFILIATED COMPANIES and agents which agree to be bound by the terms of this AGREEMENT. Without limiting the foregoing, RECEIVING

PARTY shall take at least those measures that it employs to protect its own Confidential Information.

5.   Schedule A may be amended from time-to-time, by mutual written agreement, in order to add additional topics respecting which Confidential Information may be disclosed under the terms and conditions of this AGREEMENT. Such amending additions to Schedule A shall be initialed and dated by authorized representatives of both PARTIES in order to become effective.

6.   Any intellectual property right created or brought into existence as a result of the use of the Confidential Information under this AGREEMENT is to be or to remain the property of the DISCLOSING PARTY. Nothing in this AGREEMENT shall be considered as granting any license or right under any patent rights or as representing any commitment by either PARTY to enter into any further agreement, by implication or otherwise.

All disclosed information shall remain the property of the DISCLOSING PARTY. Each of the PARTIES agrees to return promptly to the other, upon request, all of the Confidential Information received from the other, except that a PARTY may, at its option, retain one archival copy of the Confidential Information for the sole purpose of being able to determine the scope of its continuing obligations of confidentiality under this AGREEMENT.

8.   The term of this AGREEMENT shall extend for a period of one (1) year from the effective date, unless extended by mutual written agreement, except that either PARTY may terminate this AGREEMENT for any reason on thirty (30) days prior written notice to the other. Any obligation of either PARTY accrued prior to expiry or termination of this AGREEMENT and the obligations set forth in Sections 4, 6, 7, 8, 10 and 11 shall survive the expiration or termination of this AGREEMENT.

9.   No amendment hereto shall be binding unless expressly provided for by the mutual written consent of the PARTIES hereto.

10.  In the event of a breach or threatened breach by a PARTY of any provision of this AGREEMENT, the PARTY victim of said breach shall be entitled to any remedy including injunction, relief, damage or any other right available to it, to prevent or restrain any such breach by either PARTY.

Neither PARTY shall use the name of the other in any public announcement, publicity, or advertising with respect to the subject matter of this AGREEMENT unless reasonably necessary to comply with applicable government laws or regulations.

12.  This AGREEMENT shall constitute the entire understanding between the PARTIES with respect to the Confidential Information.

13.  This AGREEMENT shall be construed and interpreted in accordance with the applicable laws of the State of Connecticut, USA.

IN WITNESS, WHEREOF, the PARTIES have duly executed this AGREEMENT this 26th day of July, 2011, the Effective Date.

Beta Pharma, Inc.                          Lance Liu

BY: _____    BY: _____
        Name    7/27/2011
        Title                              07/26/2011

Page 4of 5

## SCHEDULE A

Topics covered by the NON-DISCLOSURE AND NON-USE AGREEMENT entered into between
_____ and _____ include:

_____ disclosing to _____ - confidential and
proprietary information related to its research and development programs and products: and

_____ disclosing to _____ confidential and proprietary
information

related to their _____

# EXHIBIT 2

NNH-CV-13-6035116-S                          )

GUOJIAN XIE                                  ) SUPERIOR COURT

V.                                           ) JUDICIAL DISTRICT OF

BETA PHARMA, INC., ET AL.                    ) NEW HAVEN AT NEW HAVEN

                                             ) AUGUST 20, 2014

### NON-PARTY DEPONENT'S MOTION TO QUASH AND OBJECTIONS TO PRODUCTION OF DOCUMENTS UNDER SUBPOENA

The undersigned, on behalf of a non-party deponent, Dr. Lance Liu, Esq. ("Attorney Liu"), pursuant to Connecticut Practice Book §§13-5 and 13-28(d) – (e) hereby timely moves both within 15 days of service and before the time for compliance to object to document production requested in and to quash the subpoena duces tecum served upon him by Beta Pharma, Inc. in this action. A copy of that subpoena is attached hereto as Exhibit 1.

The basis for this motion and objections is mainly threefold:

1. The subpoena is in fact and is intended to be unduly burdensome and overbroad in an attempt to intimidate Attorney Liu and his clients who are parties or witnesses to this litigation.

2. The documents subject to the subpoena were recently produced in a previous legal action in New Jersey Chancery Court Beta Pharma, et al. v, Lance Liu, Superior Court of New Jersey, Chancery Division, Mercer County, Docket No. C-46-14.

3. The subpoena seeks to invade the sanctity of the attorney-client and/or attorney work product privileges.

The requested relief sought by Attorney Liu includes:

1. That the subpoena duces tecum be quashed.

2. That the discovery of privileged materials, previously disclosed materials not be had.

3. That the deposition currently scheduled by agreement at September 15th not be had or that it not be had until parameters are set in place to protect a non-party from undue burden and to protect the attorney-client and work product privileges.

4. That any production required not be had for 45 days from the date of this motion so that a proper review of the files may be conducted without undue pressure.

5. That the expense of the discovery of electronically stored information be borne by the party seeking the information under Practice Book §13-5(9).

6. That any discovery and production requests that are found to be discoverable be clarified to assist the non-party deponent in identifying relevant materials and to limit the scope of inquiry.

## BACKGROUND

The instant litigation, to which Attorney Liu is not a party, appears to be an action arising out of sheer corporate greed in which a pharmaceutical company promised and later reneged on the promise to compensate Guojian Xie[1], and certain stockholders and employees or independent contractors. Apparently offended by the attempt to recover the monies owed, the pharmaceutical company is engaging in scorched earth tactics to punish

---

[1] BetaPharma's former Vice-President and employed medicinal chemist, who synthesized "icotinib," a lung cancer treatment marketed by Zhejiang Beta Pharma Co., Ltd. in the People's Republic of China.

or break the will of its opponents and Attorney Liu.

The subpoena also seeks documents and testimony from Attorney Liu concerning five individuals who have a separate dispute with Beta Pharma concerning repurchase of their shares in Zhejiang Beta Pharma. Their case Shanshan Shao, Hongliang Chu, Qian Liu, Song Lu and Xinshan Kang v. Beta Pharma and Don Zhang, Judicial District of New Haven, Docket Number NNH-CV14-6048646S was just removed to the United States District Court for the District of Connecticut.

The subpoena is one abusive salvo in that dispute. It is notable that defendants would not agree to extend Attorney Liu's time to review the subpoena and file objections which necessitated making the motion to quash at this time.

### STANDARD OF LAW

Practice Book '13-29(d) provides in relevant part: "A nonparty deponent may be compelled by subpoena served within this state to give a deposition at a place *within the county of his or her residence or within thirty miles of the nonparty deponent's residence*; or if a nonresident of this state within any county in this state in which he or she is personally served, or at such other place as is fixed by order of the judicial authority. (emphasis added)

."When presented with a subpoena duces tecum, the subject of that subpoena may file a motion under Practice Book §13-5, which provides in relevant part: "Upon motion *by a party from whom discovery is sought,* and for good cause shown, the judicial authority may make any order which justice requires to protect a party from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the

-3-

following: (1) that the discovery not be had; (2) that the discovery may be had only on specified terms and conditions . . ." (Emphasis added.) The other relevant section is §13-28, which provides in relevant part: "(d) *The person to whom a subpoena is directed* may, within fifteen days after the service thereof . . . serve upon the issuing authority designated in the subpoena written objection to the inspection or copying of any or all of the designated materials . . . (e) The court in which the cause is pending . . . may, upon motion made promptly . . . (1) quash or modify the subpoena if it is unreasonable and oppressive or if it seeks the production of materials not subject to production under the provisions of subsection (c) of this section . . ." (Emphasis added.)

A party may challenge the propriety of a subpoena duces tecum in order to protect the sanctity of professional privilege. The party who holds the privilege or who hold the client information in trust has standing to move for protection from the subpoena on the basis that it seeks privileged information which is an interest which may be harmed. See *Smith v. Rossi, supra,* 37 Conn. L. Rptr. 506 (party has standing to file motion to quash subpoena directed to his physicians seeking disclosure of his medical records); and *Kowalonek v. Bryant Lane, Inc.,* Superior Court, judicial district of Danbury, Docket No. CV 96 0324942 (April 11, 2000, Moraghan, J.) (subpoenaed party appears to have standing to move for a protective order regarding deposition of her former attorney).

In fact, an attorney has such a strong interest in protecting the privilege that the attorney may intervene as of right in an action to protect the privilege where the attorney has been subpoenaed to produce client materials. *In re Katz,* 623 F.2d 122, 125 (2d Cir. 1980).

In this context, "[c]ourts have defined good cause as a sound basis or legitimate need

-4-

to take action . . . Good cause must be based upon a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statement . . . Whether or not good cause exists for entry of a protective order must depend on the facts and circumstances of a particular case." (Citations omitted; internal quotation marks omitted.) *Longwood Engineered Products, Inc. v. Polyneer, Inc.,* Superior Court, judicial district of Windham at Putnam, Docket No. CV 04 0072627 (September 7, 2004, Potter, J.).

a. Attorney-client privilege

The Rules of Professional Conduct provide that an attorney may divulge such materials in certain circumstances. See Rules of Professional Conduct 1.6(a) and (c)(4) ("[a] lawyer shall not reveal information relating to representation of a client" but "[a] lawyer may reveal such information *to the extent the lawyer reasonably believes necessary* to ... [c]omply with ... a court order" [emphasis added] ). In doing so, however, an attorney is nevertheless obliged to disclose only what is necessary and to challenge the court order when he or she believes that such disclosure is not necessary. See Rules of Professional Conduct 1.6, commentary. As the commentary to rule 1.6 provides, "[a] fundamental principle in the client-lawyer relationship is that, in the absence of the client's informed consent, the lawyer must not reveal information relating to the representation." Rules of Professional Conduct 1.6, commentary. Furthermore, "[a] lawyer may be ordered to reveal information relating to the representation of a client by a court.... Absent informed consent of the client to do otherwise, *the lawyer should assert on behalf of the client all nonfrivolous claims that the order is not authorized by other law or that the information sought is protected against disclosure by the attorney-client*

-5-

*privilege or other applicable law.*" (Emphasis added.) Rules of Professional Conduct 1.6,
commentary. Moreover, "[s]ubsection (c) permits but does not require the disclosure of
information relating to a client's representation to accomplish the purposes specified in
subsections (c)(1) through (c)(4)." Rules of Professional Conduct 1.6, commentary. See
generally General Statutes § 1–25. *Woodbury Knoll v. Shipman & Goodwin*, 305 Conn.
750, 764 (2012).

Additionally, rule 8.4 of the Rules of Professional Conduct provides in relevant part
that "[i]t is professional misconduct for a lawyer to ... (1) [v]iolate or attempt to violate
the Rules of Professional Conduct, knowingly assist or induce another to do so, or do
so through the acts of another...." Thus, a nonparty attorney or law firm faces a real
dilemma. Because the attorney is obliged to protect the client's interest, the attorney
should challenge any discovery order that requires disclosure of privileged or
confidential material. *Woodbury Knoll v. Shipman* supra at 765.

The courts will normally protect this privilege vigorously. *PSE Consulting, Inc. v.
Frank Mercede & Sons, Inc.,* 267 Conn. 279, 329–30, 838 A.2d 135 (2004)("On
numerous occasions we have reaffirmed the importance of the attorney-client privilege
and have recognized the long-standing, strong public policy of protecting attorney-
client communications.... In Connecticut, the attorney-client privilege protects both the
confidential giving of professional advice by an attorney acting in the capacity of a
legal advisor to those who can act on it, as well as the giving of information to the
lawyer to enable counsel to give sound and informed advice.... The privilege fosters
full and frank communications between attorneys and their clients and thereby

-6-

promote[s] the broader public interests in the observation of law and [the] administration of justice." [Internal quotation marks omitted.] ); see also *Mohawk Industries, Inc. v. Carpenter,* 558 U.S. 100,130 S.Ct. 599, 606, 175 L.Ed.2d 458 (2009) ("acknowledg[ing] the importance of the attorney-client privilege, which is one of the oldest recognized privileges for confidential communications" [internal quotation marks omitted] ); cf. *Hickman v. Taylor,* 329 U.S. 495, 510–12, 67 S.Ct. 385, 91 L.Ed. 451 (1947) (noting importance of attorney's interest in preserving confidentiality of work product).

In fact, the Connecticut Supreme Court has ruled that it is an abuse of discretion to deny a motion to quash an overbroad subpoena seeking to invade the attorney-client privilege. *Woodbury Knoll*, supra at 786.

**b. Privilege Logs are Unnecessary to Assert the Privilege**

A privilege log is an additional unnecessary burden which is not necessary where privileged materials are clearly requested. *Woodbury Knoll*, supra at 777. "[W]ith respect to privilege claims generally, we have held that [when] the confidential status of otherwise discoverable information is apparent, a claim of privilege may be disposed of without further inquiry." *Babcock v. Bridgeport Hospital,* supra, 251 Conn. at 847, 742 A.2d 322 Thus, a subpoena which inappropriately sought privileged materials in violation of Practice Book §§ 13–2,13–26 and 13–28 may be quashed.

Moreover, "[n]o provision of the rules of practice, and no decision by this court or the Appellate Court, requires that any person claiming the attorney-client privilege has

-7-

the burden to provide a privilege log at the time the claim of privilege is made." *Woodbury Knoll*, supra at 779. This is especially so where the subject of the subpoena is not a party to the litigation. *Id.* at 779-780.

### ARGUMENT OF LAW TO FACTS

Beta Pharma claims that on August 6th, caused an allegedly indifferent person, Ryan Mulcahy, to serve Attorney Liu with a subpoena duces tecum commanding him to appear at a deposition at 150 Trumbull Street, Hartford, Hartford County, Connecticut which is about 37 miles from Dr. Liu's residence in Middlebury, New Haven County, Connecticut. Despite Attorney Liu's residence he is not admitted in Connecticut and is only admitted to practice law in New York and New Jersey.

First, Attorney Liu challenges the subpoena's validity on the grounds that there is no proof that the "indifferent person" was in fact indifferent to this action and requests the opportunity to voir dire the process server.

Second, Attorney Liu challenges the validity of the subpoena on the grounds that it schedules the deposition outside of the county in which he resides and more than 30 miles from his residence as required by Practice Book §13-29(a).

Third, the subpoena purportedly scheduled the deposition for August 29th, 2014 and calls for broad categories of documents, many of which have already been produced to Beta Pharma.

Fourth, the evidence sought relates to privileged communications and documents transmitted, delivered, handled and discussed between Attorney Liu and several of his clients. These clients, including the plaintiff in this lawsuit, are now represented by Jacobs

-8-

& Dow, LLC and its member, Jonathan Katz, who has given notice that plaintiff and the other clients object to the disclosure of their privileged communications with Attorney Liu. .

Fifth, other documents and information sought to be produced and testified to at the deposition relate to Attorney Liu's consultation with a Connecticut attorney, Jonathan Katz, Esq. with whom Attorney Liu consulted as an attorney with respect to his own potential claims against Beta Pharma and in joint representation with respect to the claims asserted by Attorney Liu's clients who are named in the subpoena. Specifically, the documents relating to Attorney Liu's consultation with his Connecticut attorney are subject to a confidentiality privilege under Rules of Professional Conduct Rule 1.6 (a) which Attorney Liu asserts. The Rules of Professional Conduct in Connecticut and New York and New Jersey are substantially similar. (see copies of Rule 1.6 for NY and NJ attached as Exhibit 2)

The subpoena is overly broad and vague so as to be unduly burdensome and is not limited as to time (in most instances), type or subject matter or to those materials reasonably likely to be relevant, thereby increasing the potential for harm to Attorney Liu's clients and Attorney Liu if disclosed.

Moreover, the subpoena seeks discovery of privileged communications and documents and Attorney Liu's clients have not given authorization to release of any information in his possession relating to his representation of them.

General Objections:

OBJECTION:

In addition to objections raised above in this motion, Attorney Liu objects to the production of electronically stored information requested in the definition of "documents" stated by the issuing authority. Much of the requested material has either already been produced or would reside on the servers of BetaPharma or its attorneys and therefore is equally available to them. Further the definition presents a burden to Attorney Liu to produce in a non-native format without the assistance of a professional ESI vendor. In addition the definition of electronically stored information is vague and overbroad making compliance impossible.

OBJECTION:

The subpoena instructs Attorney Liu to refrain from disclosing any of the documents requested with other parties to the litigation. This instruction has no basis in the practice book and places an unreasonable and unlawful prior restraint on Attorney Liu's ability to communicate with his clients. In fact, it contradicts Practice Book Section 13-30(f), which provides that "[d]ocuments and things produced for inspection during the examination of the deponent ... may be inspected and copied by any party."

Further, the instruction is vague and overbroad in that it covers all documents possibly responsive to the broad subpoena.

OBJECTION:

With respect to request numbers 1 through 4 of the subpoena, Attorney Liu objects on the grounds that the documents relating to his attorney-client relationship with

BetaPharma have been recently turned over to BetaPharma's NJ counsel appearing in this case during litigation in the NJ Chancery Court in 2014. Therefore the request is duplicative, equally available to BetaPharma and unduly burdensome and meant only to harass and vex the deponent. (See Dr. Liu's affidavit in the NJ action attached as Exhibit 3)

OBJECTION:

With respect to requests 5-through 7, Attorney Liu objects on the grounds that they seek the production of materials protected by the attorney-client privilege between Attorney Liu and Guojian Xie under a prior joint representation with Attorney Katz and separately. It is also unduly vague and burdensome in that fails to make any attempt to specify what materials might fully respond to the request and is unlimited. To the extent the client, Dr. Xie, sought advice regarding issues relating to the instant litigation and in at least one case a matter unrelated to the instant litigation, the disclosure of the same would violate the client's reasonable expectations of privacy and confidentiality. Dr. Xie, through counsel, has objected to the disclosure of privileged material.

OBJECTION:

With regard to request #8(a – d), Attorney Liu objects on the grounds that these requests seek the production of communications and other materials protected by the attorney-client privilege between Attorney Liu and the listed individuals who were clients of Attorney Liu. It is also unduly vague and burdensome in that fails to make any attempt to specify what materials might fully respond to the request and is unlimited. To the extent

-11-

the clients identified sought advice regarding issues relating to the instant litigation and in some cases to legal matters having nothing to do with the litigation, the disclosure of the same would violate the client's reasonable expectations of privacy and confidentiality. These former clients of Attorney Liu, through counsel, have objected to the disclosure of privileged material.

OBJECTION:

With regard to request #9, Attorney Liu objects on the grounds that the same is equally available to BetaPharma in that the only document Attorney Liu believes may be responsive to the request is a single power of attorney authorizing Attorney Liu to jointly represent Dr. Xie and Beta Pharma with respect to an application filed with the US Patent & Trademark Office which document is on file at the USPTO and available to Beta Pharma online. In addition, the request is vague and overbroad in that as presently phrased it covers any client at any time without restriction and does not sufficiently define what documents might constitute a waiver or what subject matter the waiver requested covers.

OBJECTION:

With regard to requests 10, 11 and 12, please see objection to request #8.

OBJECTION:

With regard to request #13, Attorney Liu objects on the grounds that the request is vague and overly broad in scope making compliance impossible. The request also seeks documents previously disclosed in the NJ litigation (see objection to requests #1 through

-12-

4 above).

OBJECTION:

With regard to requests 14, 15 and 16, see objections to requests #1 through 4 above and the requests seek information relating to employees of BetaPharma. The deponent is unaware of the entire list of employees of BetaPharma and therefore the requests seeks information not within his possession, information which cannot reasonably be identified and which is overbroad and vague in addition to being equally available to BetaPharma, the documents having been previously produced in recent NJ litigation.

OBJECTION:

Attorney Liu objects to the instruction to provide a privilege log in that the request is unduly burdensome, not required by lawful subpoena, not required by law as noted in this motion above, overly broad and vague and seeks only to harass and vex the non-party deponent with expense and effort.

OBJECTION:

Finally with respect to the two areas of requested inquiry at the end of the subpoena, Attorney Liu asserts the attorney-client and or work-product privileges. The proposed subject matter should be quashed because it is also vague, overbroad with reference to time, topic; the subjects are equally available to Beta Pharma as they relate to BetaPharma's internal operations. The request is overbroad in that it does not define "work". Moreover, to the extent that the two areas of inquiry relate to inquiries about the

-13-

documents objected to above, the inquiry is objectionable on the same grounds as the respective documents.

WHEREFORE, for all of the foregoing reasons, Attorney Liu respectfully moves this Court to grant his Motion to Quash and his objections to the subpoena duces tecum and protect the attorney-client privilege and a non-party from the burdens of the subpoeana of over-reaching and litigious corporate clients and to afford Attorney Liu whatever protections from abusive litigation and discovery tactics the court deems appropriate.

Dr. Lance Liu, Esq.

By

KEITH R. AINSWORTH
Evans, Feldman & Ainsworth, L.L.C.  #403269
261 Bradley Street
P.O. Box 1694
New Haven, CT 06507-1694
(203)772-4900/ (203)782-1356 fax
krainsworth@EFandA-law.com

-14-

ORDER

This motion having been considered by the court, it is hereby GRANTED/DENIED on this __ day of _____, 2014.

BY THE COURT_____,J.

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing filed in the electronic filing system of the court and was electronically served on those parties who have requested service in that form and was mailed, postage prepaid, U.S Mail, first class, on this 20th day of August, 2014, to:

Jonathan Katz, Esq.
JACOBS & DOW, LLC
350 Orange Street
New Haven, CT 06511 (counsel to Guojian Xie)
jkatz@jacobslaw.com

Donald Altschuler, Esq.
Altschuler & Altschuler
509 Campbell Avenue
West Haven, CT 06516
(Counsel for defendants Beta Pharma, Inc.,
Beta Pharma Scientific, Inc., and Don Zhang)
Donalt44@sbcglobal.net; Altschuler.don@snet.net

Glenn A. Duhl, Esq.
Siegel, O'Connor, O'Donnell & Beck, P.C.

-16-

150 Trumbull Street
Hartford, CT  06103
(Counsel for defendants Beta Pharma, Inc.,
Beta Pharma Scientific, Inc., and Don Zhang)
gduhl@siegeloconnor.com

Jack L. Kolpen, Esq.
Benjamin R. Kurtis, Esq.
Fox Rothschild LLP
Princeton Pike Corporation Center
997 Lenox Drive, Building 3
Lawrenceville, NJ  08648-2311
jkolpen@foxrothschild.com
bkurtis@foxrothschild.com

Keith R. Ainsworth

# EXHIBIT 3

WEI YUAN, of full age, hereby says:

1. I reside and work in Indiana. I have personal knowledge of the facts stated herein.

2. Before June 2014, I had never met nor communicated in any way with Lance Liu, Esq.

3. On or about June 2014, Mr. Liu unexpectedly called me.

4. In our telephone conversation, Mr. Liu explained that there was a lawsuit where people were suing Beta Pharma, Inc. ("Beta Pharma") because they had bought Zhejiang Beta Pharma Co. Ltd. stock from Beta Pharma, but never in fact received the stock.

5. In our telephone call, Mr. Liu stated that he knew that I was one of the purchasers. He also stated that he knew that Beta Pharma and I had entered into a settlement agreement regarding the stock issue. Further, he stated that it was his impression that I was not satisfied with the settlement.

6. Mr. Liu asked if I was interested in joining the lawsuit.

7. About a week after the initial call with Mr. Liu, I had a second call with him. During the second call, I stated that I would join the lawsuit as a plaintiff. Mr. Liu informed me that the plaintiffs' lawyer was Jonathan Katz, Esq.

8. Thereafter, Mr. Katz emailed me regarding the lawsuit and provided me with a retention letter. I subsequently signed a retainer agreement with Mr. Katz's law firm. To this day, I have never disclosed the contents of my conversations with Mr. Katz (or anyone from his law firm) to anyone, nor was I asked to do so.

9.    However, I then decided to drop out of the lawsuit. I emailed Mr. Katz and informed him that I would not go further with the lawsuit. I then called Mr. Liu and informed him of my decision. Thereafter, I never heard from Mr. Liu.

10.    Mr. Liu never represented me as a lawyer.

Sworn to and Subscribed

before me this 12ᵗʰ  day

of September, 2014.

> MATTHEW MICHAEL CHRISTOFER JONES
> Notary Public- Seal
> State of Indiana
> My Commission Expires May 30, 2021

Indiana
A Notary Public of the State of ~~New Jersey~~
My Commission Expires: 5-30-2021

Dated: September 12, 2014

Wei Yuan

- 2 -

# EXHIBIT 4

NNH-CV-13-6035116-S                    )
GUOJIAN XIE                            ) SUPERIOR COURT
V.                                     ) JUDICIAL DISTRICT OF
BETA PHARMA, INC., ET AL.              ) NEW HAVEN AT NEW HAVEN
                                       ) AUGUST 21, 2014

### SUPPLEMENTAL NON-PARTY DEPONENT'S MOTION TO QUASH AND OBJECTIONS TO PRODUCTION OF DOCUMENTS UNDER SUBPOENA

The undersigned, on behalf of a non-party deponent, Dr. Lance Liu, Esq. ("Attorney Liu"), pursuant to Connecticut Practice Book §§13-5 and 13-28(d) – (e) hereby supplements its Motion to Quash and Objections to a certain subpoena duces tecum dated August 1st, 2014 and purportedly served August 6th, 2014.

In addition to the reasons stated in his Motion To Quash dated August 20th, 2014 Dr. Lanc Y. Liu, Esq., further objects to the requests stated in the subpoena and numbered 16 requesting documents regarding communications with Zhejiang Beta Pharma, Ltd. ("ZJBP") a pharmaceutical company of the People's Republic of China named, but which has never appeared, in this action and "any person or entity that is employed by or otherwise engaged by ZJBP in any capacity" without limitation as to time or scope or topic.

This request is objectionable on the grounds that it is overbroad, vague and the scope of materials sought is subject to a confidentiality agreement between Attorney Liu and ZJBP which is designed to protect trade secrets and confidential business information. As a non-party, it is unreasonable to place Attorney Liu in a position of legal jeopardy because of an offensively aggressive subpoeana seeking documents unrelated to matters alleged in this action relating a second non-appearing party.

-1-

Dr. Lance Liu, Esq.

Keith Ainsworth

Digitally signed by Keith Ainsworth
DN: cn=Keith Ainsworth, o=EFandA LLC, ou, email=krainsworth@efandA-law.com, c=US
Date: 2014.08.21 11:13:03 -04'00'

By_____
**KEITH R. AINSWORTH**
Evans, Feldman & Ainsworth, L.L.C. #403269
261 Bradley Street
P.O. Box 1694
New Haven, CT 06507-1694
(203)772-4900/ (203)782-1356 fax
krainsworth@EFandA-law.com

ORDER

This motion having been considered by the court, it is hereby GRANTED/DENIED on this __ day of _____, 2014.

BY THE COURT_____,___,J.

## CERTIFICATION

**THIS IS TO CERTIFY** that a copy of the foregoing was manually filed with the court and was electronically served on those parties who have requested service in that form and was mailed, postage prepaid, U.S Mail, first class, on this 21st day of August, 2014, to:

Jonathan Katz, Esq.
JACOBS & DOW, LLC
350 Orange Street
New Haven, CT  06511 (counsel to Guojian Xie)
jkatz@jacobslaw.com

Donald Altschuler, Esq.
Altschuler & Altschuler
509 Campbell Avenue
West Haven, CT  06516
(Counsel for defendants Beta Pharma, Inc.,
Beta Pharma Scientific, Inc., and Don Zhang)
Donalt44@sbcglobal.net; Altschuler.don@snet.net

Glenn A. Duhl, Esq.
Siegel, O'Connor, O'Donnell & Beck, P.C.
150 Trumbull Street
Hartford, CT  06103
(Counsel for defendants Beta Pharma, Inc.,
Beta Pharma Scientific, Inc., and Don Zhang)
gduhl@siegeloconnor.com

Jack L. Kolpen, Esq.
Benjamin R. Kurtis, Esq.
Fox Rothschild LLP
Princeton Pike Corporation Center
997 Lenox Drive, Building 3
Lawrenceville, NJ  08648-2311
jkolpen@foxrothschild.com
bkurtis@foxrothschild.com

## Keith Ainsworth

Digitally signed by Keith Ainsworth
DN: cn=Keith Ainsworth, o=EFandA LLC, ou, email=krainsworth@efanda-law.com, c=US
Date: 2014.08.21 11:13:23 -04'00'

Keith R. Ainsworth

– 4 –

**Appendix XII-B1**



| | CIVIL CASE INFORMATION STATEMENT (CIS) | FOR USE BY CLERK'S OFFICE ONLY |
|---|---|---|
| | | PAYMENT TYPE: ☐ CK ☐ CG ☐ CA |
| | | CHG/CK NO. |
| | Use for initial Law Division | AMOUNT: |
| | Civil Part pleadings (not motions) under *Rule* 4:5-1 Pleading will be rejected for filing, under *Rule* 1:5-6(c), if information above the black bar is not completed or attorney's signature is not affixed | OVERPAYMENT: |
| | | BATCH NUMBER: |

| ATTORNEY / PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| Jack L. Kolpen, Esquire | (609) 896-3600 | Mercer |

| FIRM NAME (if applicable) | DOCKET NUMBER (when available) |
|---|---|
| Fox Rothschild LLP | |

| OFFICE ADDRESS | DOCUMENT TYPE |
|---|---|
| 997 Lenox Drive, Building Three Lawrenceville, NJ 08648 | Verified Complaint |
| | JURY DEMAND ☒ YES ☐ NO |

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
|---|---|
| Beta Pharma, Inc., Beta Pharma Scientific, Inc. and Don Zhang, Plaintiffs | Beta Pharma, Inc., Beta Pharma Scientific, Inc., and Don Zhang, Plaintiffs v. Lance Liu, Defendant |

| CASE TYPE NUMBER (See reverse side for listing) 607 | HURRICANE SANDY RELATED? ☐ YES ☒ NO | IS THIS A PROFESSIONAL MALPRACTICE CASE? ☒ YES ☐ NO |
|---|---|---|
| | | IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |

| RELATED CASES PENDING? ☒ YES ☐ No | IF YES, LIST DOCKET NUMBERS See Certification of Counsel. |
|---|---|

| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? ☐ Yes ☒ No | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known) ☐ NONE ☒ UNKNOWN |
|---|---|

| THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE. |
|---|

| CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION |
|---|

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? ☒ YES ☐ No | IF YES, IS THAT RELATIONSHIP: ☐ EMPLOYER/EMPLOYEE ☐ FAMILIAL ☐ FRIEND/NEIGHBOR ☐ BUSINESS ☒ OTHER (explain) |
|---|---|

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? ☐ YES ☐ No |
|---|

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? ☐ YES ☒ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|
| WILL AN INTERPRETER BE NEEDED? ☐ YES ☒ No | IF YES, FOR WHAT LANGUAGE? |

| I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b). |
|---|

| ATTORNEY SIGNATURE: | |
|---|---|

Effective 08-19-2013, CN 10517-English

**Side 2**



# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

### Track I - 150 days' discovery
151 NAME CHANGE
175 FORFEITURE
302 TENANCY
399 REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
502 BOOK ACCOUNT (debt collection matters only)
505 OTHER INSURANCE CLAIM (including declaratory judgment actions)
506 PIP COVERAGE
510 UM or UIM CLAIM (coverage issues only)
511 ACTION ON NEGOTIABLE INSTRUMENT
512 LEMON LAW
801 SUMMARY ACTION
802 OPEN PUBLIC RECORDS ACT (summary action)
999 OTHER (briefly describe nature of action)

### Track II - 300 days' discovery
305 CONSTRUCTION
509 EMPLOYMENT (other than CEPA or LAD)
599 CONTRACT/COMMERCIAL TRANSACTION
603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
605 PERSONAL INJURY
610 AUTO NEGLIGENCE – PROPERTY DAMAGE
621 UM or UIM CLAIM (includes bodily injury)
699 TORT – OTHER

### Track III - 450 days' discovery
005 CIVIL RIGHTS
301 CONDEMNATION
602 ASSAULT AND BATTERY
604 MEDICAL MALPRACTICE
606 PRODUCT LIABILITY
607 PROFESSIONAL MALPRACTICE
608 TOXIC TORT
609 DEFAMATION
616 WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
617 INVERSE CONDEMNATION
618 LAW AGAINST DISCRIMINATION (LAD) CASES

### Track IV - Active Case Management by Individual Judge / 450 days' discovery
156 ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
303 MT. LAUREL
508 COMPLEX COMMERCIAL
513 COMPLEX CONSTRUCTION
514 INSURANCE FRAUD
620 FALSE CLAIMS ACT
701 ACTIONS IN LIEU OF PREROGATIVE WRITS

### Multicounty Litigation (Track IV)
| | | |
|---|---|---|
| 266 HORMONE REPLACEMENT THERAPY (HRT) | 288 | PRUDENTIAL TORT LITIGATION |
| 271 ACCUTANE/ISOTRETINOIN | 289 | REGLAN |
| 274 RISPERDAL/SEROQUEL/ZYPREXA | 290 | POMPTON LAKES ENVIRONMENTAL LITIGATION |
| 278 ZOMETA/AREDIA | 291 | PELVIC MESH/GYNECARE |
| 279 GADOLINIUM | 292 | PELVIC MESH/BARD |
| 281 BRISTOL-MYERS SQUIBB ENVIRONMENTAL | 293 | DEPUY ASR HIP IMPLANT LITIGATION |
| 282 FOSAMAX | 295 | ALLODERM REGENERATIVE TISSUE MATRIX |
| 284 NUVARING | 296 | STRYKER REJUVENATE/ABG II MODULAR HIP STEM COMPONENTS |
| 285 STRYKER TRIDENT HIP IMPLANTS | 297 | MIRENA CONTRACEPTIVE DEVICE |
| 286 LEVAQUIN | 601 | ASBESTOS |
| 287 YAZ/YASMIN/OCELLA | 623 | PROPECIA |

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1,
in the space under "Case Characteristics.

**Please check off each applicable category** ☐ **Putative Class Action** ☐ **Title 59**

**FOX ROTHSCHILD LLP**
Formed in the Commonwealth of Pennsylvania
By:    Jack L. Kolpen, Esquire  (N.J.I.D.# 026411987)
           Barry J. Muller, Esquire (N.J.I.D. # 016911998)
           Abbey True Harris, Esquire (N.J.I.D. #029112005)
Princeton Pike Corporate Center
997 Lenox Drive, Building 3
Lawrenceville, NJ 08648-2311
(609) 896-3600
*Attorneys for Plaintiffs Beta Pharma, Inc.,*
*Beta Pharma Scientific, Inc., and Don Zhang*

| | |
|---|---|
| BETA PHARMA, INC., BETA PHARMA SCIENTIFIC, INC., AND DON ZHANG, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION – MERCER COUNTY |
| Plaintiff, | DOCKET NO.: |
| v. | CIVIL ACTION |
| LANCE LIU, | **CERTIFICATION OF FILING AND SERVICE** |
| Defendants. | |

Jack L. Kolpen, of full age, by way of certification, states as follows:

1.    An original and two copies of Plaintiffs' Order To Show Cause, Brief in Support of Order

to Show Cause, Verified Complaint and Case Information Statement were filed Via Hand Delivery as follows:

> Clerk, Superior Court of New Jersey
> Mercer County – Law Division
> 175 South Broad Street
> Trenton, New Jersey 08650

2.    A copy of Plaintiffs' Order To Show Cause, Brief in Support of Order to Show Cause,

Verified Complaint and Case Information Statement were served Via Hand Delivery as follows:

> Lance Y. Liu, Ph.D., Esquire
> 4 Colonial Court
> Middlebury, CT  06762

3.    A copy of Plaintiffs' Order To Show Cause, Brief in Support of Order to Show Cause,

Verified Complaint and Case Information Statement were served Via E-Mail only as follows:

> jponterio@splaw.us
> mschwartz@splaw.us

I certify that the foregoing statements made by me are true and correct.  I am aware that if any of the foregoing statements are willfully false, I may be subject to punishment.

_____

Jack L. Kolpen

Dated: September 16 2014

27032623v1 09/16/2014