UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHANSHAN SHAO, HONGLIAN CHU, QIAN LIU, SONG LU, AND XINSHAN KANG,<br><br>            Plaintiffs,<br>   v.<br><br>BETA PHARMA, INC., AND DON ZHANG<br><br>            Defendants. | 3:14-CV-01177 (CSH)<br><br><br>January 16, 2015 |

**OPINION ON PROPOSED PROTECTIVE ORDERS**

<u>HAIGHT,</u> Senior District Judge:

In a Protective Order (Doc. #47) entered today, the Court set forth the terms and conditions that shall govern the parties' dissemination of certain documents relevant to the Court's disposition of Defendants' motion to disqualify Plaintiffs' counsel (Doc. #20).  The Protective Order was informed by a proposed protective order and statement in support submitted by Plaintiffs (Doc. #42), and a proposed protective order and statement in support submitted by Defendants (Doc. #43).  The proposed protective orders were similar in certain respects, but differed in material ways.  The statements in support highlighted those differences and described the points of contention that left the parties unable to submit a *joint* proposed protective order.  This Opinion resolves the dispute between the parties reflected in their opposing proposals and supporting statements.  It is meant as an explanation of the Court's iteration of those proposals which has become the Protective Order (Doc. #47) docketed today.

**I.  INTRODUCTION**

The Court first sets forth the underlying facts and procedural posture of this litigation.

A. **Background**

The following facts are derived from Plaintiffs' Complaint, and are accepted as true for the purposes of this Opinion.

Plaintiffs are Shanshan Shao, Honglian Chu, Qian Liu, Song Lu, and Xinshan Kang. Defendants are Beta Pharma, Inc. ("BP") and Don Zhang. BP is a pharmaceutical company. Zhang is its president and majority stockholder. Doc. [1-1], *Complaint* at ¶¶ 1, 3. In or around 2002, BP joined with other investors to form a joint venture to develop, test, and market its patented technology in the People's Republic of China ("China"). *Id.* at ¶ 5. The joint venturers formed Zhejiang Beta Pharma Co. Ltd., ("ZBP"), a privately owned corporation organized under the laws of China. *Id.* at ¶ 6. BP owned a 45 percent interest in ZBP. *Id.* at ¶ 7

In 2010 and 2011, BP, acting through Zhang, who was also vice president of ZBP, sold shares of ZBP to Plaintiffs. *Id.* at ¶ 9. The contracts memorializing those transactions provided that BP would hold Plaintiffs' shares under the name of BP until Defendants could register Plaintiffs' ownership interest on the books of ZBP. *Id.* at ¶¶ 10-11. In a later agreement reached in or around July 2013, Defendants represented to Plaintiffs that they would repurchase Plaintiff's shares in ZBP at a price set proportionate to ZBP's $600 million valuation. *Id.* at ¶ 16.

This lawsuit arises from Plaintiffs' claims that Defendants have neither registered their shares of ZBP nor honored the repurchase agreement. *Id.* at ¶ 19. They charge BP or Zhang with breach of contract, breach of fiduciary duty, and negligent and fraudulent misrepresentation. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

B. **Procedural Posture**

Before the commencement of any substantial discovery, Defendants filed a motion to

disqualify Plaintiff's attorney, Jonathan Katz, based on his association with attorney Lance Liu, Defendants' former attorney. Doc. [20]. Defendants claim that they had an attorney-client relationship with Liu from approximately July 2011 to November 2012. They seek to disqualify Katz based on a belief that Liu had an opportunity to disclose confidential and privileged information relevant to this litigation to Katz. Plaintiffs oppose the motion to disqualify. The Court stayed all deadlines pending its disposition.

Prior to the due of date of Defendants' reply to Plaintiffs' opposition, the Court, upon Defendants' motion, held a telephone conference to discuss the appropriate method for Defendants to place before the Court certain documents it claims are relevant to the Court's consideration of the motion to disqualify. Doc. [40]. Defendants sought a way to include those documents in their reply brief while preserving their claims of attorney-client privilege, work product immunity, and attorney-client confidentiality. With that purpose in mind, the Court directed the parties to file jointly a proposed protective order and confidentiality agreement describing the terms and conditions of the dissemination of the documents relevant to the Court's disposition of the motion to disqualify, or alternatively, a statement from each party describing the points of contention impeding its submission. Doc. [40].

The parties filed separate proposed protective orders, having been unable to agree on a joint proposal. They are attached to submissions on the docket styled as Plaintiffs' proposed motion for protective order (Doc. #42) and Defendants' response in opposition (Doc. #43).

## II. DISCUSSION

Plaintiffs raise two fundamental issues with respect to Defendants' proposed protective order.

Plaintiffs first contend that Defendants' proposed protective order does not require

3

Defendants to make a showing that the materials they intend to submit in support of the motion to disqualify are in fact protected as attorney-client or work-product privileged material, and not, as the case may be, materials to which the privilege has already been waived. Plaintiffs argue that if Defendants are not required to make that initial showing, then Plaintiffs will be required to "blindly . . . accept . . . [D]efendants' characterization" of those documents as privileged. Doc. [42] at 2. They argue that Defendants should at least be required to set forth their claims of privilege in a privilege log of the sort required by Fed. R. Civ. P. 26(b)(5)(A).

Defendants' proposed protective order does not impose a requirement to set forth claims of privilege in a privilege log pursuant to Rule 26(b)(5)(A). Nor would it, since that Rule, and its counterpart in the Local Rules, apply to documents *withheld* from discovery as opposed to documents *produced* in support of a motion. *See* D. Conn. Loc. R. 26(e) ("This rule requires preparation of a privilege log with respect to all documents withheld on the basis of a claim for privilege or work product protection."). But even without a privilege log, Defendants' proposed protective order does not prejudice Plaintiffs in the way they imagine. Paragraph eight of that proposal provides a mechanism by which Plaintiffs can challenge that designation. Doc. [43-1] at ¶ 8.[1] Alternatively, should Defendants file a motion to seal documents on grounds that they are

---

[1] Paragraph eight states in its entirety:

> The Receiving Party may submit a request in writing to the Designating Party that the Confidential or Attorneys' Eyes Only designation be modified or withdrawn. If the Designating Party does not agree to the redesignation within ten days, the Receiving Party may apply to the Court for relief. Upon any such application, the burden shall be on the Designating Party to show why the designation is proper. Before serving a written challenge, the objecting party must attempt in good faith to meet and confer with the Designating Party in an effort to resolve the matter. The document shall remain

4

protected under the attorney-client privilege, work-product doctrine, or some other privilege, Plaintiffs are free to file an objection to the motion to seal. *See* D. Conn. Loc. R. 5(e)(6) ("Any party may oppose a motion to seal or may move to unseal a case or document subject to a sealing order"). Accordingly, the Court's Protective Order does impose a requirement on the parties to set forth claims of privilege in a privilege log.

Plaintiffs also oppose Defendants' proposed protective order on grounds that it permits Defendants to exclude Plaintiffs themselves from viewing the evidence in support of the motion to disqualify and appearing at any argument or hearing held on the motion. Plaintiffs take specific issue with the "Attorneys' Eyes Only" ("AEO") designation contemplated in Defendants proposal, which allow documents to be viewed by Plaintiffs' counsel but not by Plaintiffs themselves. Defendants assert that Plaintiffs have no right to see certain privileged material that have no bearing on Plaintiffs' case, while counsel for Plaintiffs argue that it is crucial for his clients to see those documents lest he be put in the position of having to tell his clients, "'I was disqualified but cannot tell you why.'" Doc. [42] at 3.

The Court sees no reason why at this early stage — before it has even decided whether to hold oral argument on the motion to disqualify — it should enter an order excluding the public, and Plaintiffs themselves, from an argument on the motion. "Before excluding the public form such proceedings, the Court must make particularized findings on the record demonstrating the need for the exclusion" that is "narrowly tailored to serve the purpose of the closure." D. Conn. Loc. R.

---

Confidential, Attorneys' Eyes Only, and/or sealed until the final determination of any challenge to its designation.

Doc. [43-1] at ¶8.

5

5(e)(1)(a). The Court cannot make such particularized findings or fashion such a narrowly tailored order at this point in the proceedings. Accordingly, paragraph ten of Defendants' proposed protective order, which exempts Plaintiffs and the public from an exhaustive list of those who may appear at any hearing on the motion to disqualify, is not included in the Court's Protective Order.

The Court is also not persuaded by counsel for Plaintiffs' claim that his clients have a right to see Defendants' attorney-client and work-product privileged materials. Those documents purportedly relate to Attorney Liu's representation of Defendants in 2011 and 2012, and will be submitted for the purpose of disqualifying Plaintiffs' counsel. They do not relate to Plaintiffs' underlying claims. They are, however, documents that Plaintiffs' counsel must view in order to defend against the motion to disqualify. The AEO designation provides an adequate mechanism by which Plaintiffs' counsel may view documents produced with respect to the motion to disqualify. Defendants' motion to disqualify counsel turns on questions of law. Plaintiffs' lay clients do not need to see such documents.

The Court is also not persuaded by counsel for Plaintiffs' claim that he will be put in a position of not being able to tell his clients why he has been disqualified. The motion to disqualify and Plaintiffs' opposition thereto have not been filed under the seal. They are available to Plaintiffs, and to the public. So is this Opinion. Should Plaintiffs' counsel be disqualified from representing Plaintiffs, it will be because the Court granted the motion to disqualify, which seeks to disqualify Plaintiffs' counsel based on his association with Attorney Liu. He can explain as much to his clients without having to show them the privileged documents in question.

Defendants' proposed protective order creates two classes of confidential documents by way of "Confidential" and "AEO" designations. Doc. [43-1] at ¶¶ 1-2. That proposed protective order

6

lists the persons that may view documents assigned each designation. *Id.* at ¶¶ 4-5. The proposal in this respect contemplates an agreement between the parties by which either side has "the right to designate" documents as Confidential or AEO. *Id.* at ¶¶ 1-2. Though these designations are useful for purposes of marking items passed between the parties through discovery on the motion to disqualify, the distinction between Confidential and AEO documents is not material to the Court's review of the documents. Rather, the Court's review of the documents is addressed in paragraph eleven of Defendants' proposal, which provides that the parties may file documents marked with either designation under seal pursuant to Local Rules 5(e)(4)(a) and 5(e)(4)(c).

During the Court's December 5 telephone conference, the parties raised their principle concerns with respect to filing documents under seal and the limitations of the Local Rules related to the sealing of documents or the preservation of claims of privilege. Defendants' principle concern was fashioning a mechanism to file documents under seal without such submissions being deemed a waiver of the attorney-client privilege or work-product doctrine. Defendants' proposal addresses that concern. Doc. [43-1] at ¶ 11 (explaining that pursuant to F.R.E. 502(d) disclosure of privileged material will not be deemed a waiver of the privilege). Pursuant to F.R.E. 502(d), nothing that a party submits or discloses in connection with the motion to disqualify counsel will be deemed a waiver of that party's right to assert, in continuing litigation, that the documents in question are privileged.

One of Plaintiffs' principle concerns raised at the telephone conference was an assurance that their counsel be given an opportunity to view the documents filed under seal so that he might fairly address Defendants' disqualification arguments based upon those documents. In spite of the Court's direction to the parties to work together to address each other's respective concerns, Defendants'

7

proposed protective order does not even attempt to fashion a mechanism by which Plaintiffs' counsel may view and respond to documents filed under seal.

The references to Local Rules 5(e)(4)(a) and 5(e)(4)(c) in paragraph eleven of Defendants' proposed protective order do not require Defendants to disclose the documents filed under seal to opposing counsel. Irrespective of the parties' right to mark documents as "Confidential" or "AEO," Defendants' proposed protective order provides that documents may be filed in connection with a motion to seal pursuant to Local Rules that impose no requirement on the disclosing party to serve the documents sought to be sealed on opposing counsel. It is as if the parties did not even try to develop a joint proposal.

The mechanism by which sealed documents may be filed under seal and yet not served on opposing counsel, is underscored in paragraph fifteen of Defendants' proposed protective order. That paragraph states in its entirety:

> If a Party intends to rely upon any documents when litigating the Motion to Disqualify, the party must *either*:
> (a) Comply with the sealing procedures in paragraph 11; *or*
> (b) Disclosure the documents to opposing counsel at least four (4) business days prior to filing the papers with the Court in connection with the Motion to Disqualify, so that the opposing Party may make an appropriate designation of the documents and file a Motion to Seal, if necessary.

Doc. [43-1] at ¶ 15 (emphasis added). The provision makes crystal clear that there is no requirement to disclose documents filed in connection with a motion to seal to opposing counsel. As provided in subpart (a) of that paragraph, the party relying on the documents has the option of filing documents pursuant to the "sealing procedures in paragraph 11," which impose no disclosure

requirement.[2]

*Local Rule 5(e)(4)(d)*, which is not referenced anywhere in Defendants' proposal, requires a party seeking to file a document under seal to "serve on all counsel of record copies of the documents sought to be sealed." *Id.* The mechanism provides opposing counsel with the documents sought to be sealed, and thus fair opportunity to respond to arguments based upon them. Sealing procedures pursuant to that rule were included in the Protective Order for that reason.

### III.  CONCLUSION

The Protective Order entered today could have easily been agreed to by the parties. Instead, the parties called upon the Court to decide some of its terms. The task required an explanation and this Opinion. The parties are advised to resolve discovery disputes in good faith before seeking the Court's intervention.

The Court takes no position on Defendants' motion to disqualify Plaintiffs' counsel (Doc. #20). Nor could it, since the motion is not ripe for adjudication and the evidence has not been heard.

The Court will set a briefing scheduling on the motion to disqualify counsel in a separate Order to follow.

The Court entered the Protective Order (Doc. #47) for the reasons stated in this Opinion.

Dated: New Haven, Connecticut
       January 16, 2015

/s/ *Charles S. Haight, Jr.*
CHARLES S. HAIGHT, JR.
Senior United States District Judge

---

[2]Defendants state that purpose of paragraph fifteen is to "provide[] a procedure for a case in which one party possess and wishes to use another party's confidential document that it obtained by a means other than production by the other party." Doc. [43] at 6.