UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHANSHAN SHAO, HONGLIANG CHU, QIAN LIU, SONG LU, AND XINSHAN KANG, Plaintiffs, | : : : : : : |
| v. | : Civil Action No. 3:14CV01177 (CSH) : : |
| BETA PHARMA, INC., AND DON ZHANG, Defendants. | : : : : |
| | : JANUARY 30, 2015 |

### MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SEAL UNREDACTED VERSIONS OF REPLY MEMORANDUM ON MOTION TO DISQUALIFY AND EXHIBITS THERETO

Pursuant to Rule 7(a) of the Local Rules of this Court and the Protective Order for Motion to Disqualify Counsel (the "Protective Order") issued by this Court on January 16, 2015 [D.E. #47], defendants Beta Pharma, Inc. ("Beta Pharma") and Don Zhang ("Zhang") (together, "Defendants") hereby file this Memorandum of Law in support of their Motion to Seal Unredacted Versions of Reply Memorandum on Motion to Disqualify and Exhibits Thereto (the "Motion to Seal"), filed on this same date. In the Motion to Seal, Defendants request that the Court seal the unredacted versions of their Reply Memorandum of Law in Support of Motion to Disqualify Opposing Counsel (the "Reply Brief") and the unredacted versions of the exhibits to the Supplemental Affidavit of Don Zhang, which they submit to the Court for in camera consideration on this date. As explained below, an order sealing such documents would satisfy the requirement of Local Rule 5(e)(3) that such sealing be supported by clear and compelling reasons and be narrowly tailored to serve those reasons. Further, such an order would satisfy the

Protective Order's requirements for the disclosure to the Court of documents designated "Attorneys' Eyes Only." This Court should therefore grant Defendants' Motion to Seal.

### I.   Factual Background

The Protective Order governs the disclosure of information and documents in connection with the litigation of the Motion to Disqualify Opposing Counsel (the "Motion to Disqualify") filed by Defendants on October 14, 2014 [D.E. #20]. That Order permits a party to designate as "Attorneys' Eyes Only" any information, document or thing that contains, inter alia, attorney-client privileged information, information protected by work product immunity, and/or information protected under Rule of Professional Conduct 1.6. Protective Order ¶ 2. It further provides that, if the need arises during litigation of the Motion to Disqualify for any Party to disclose Attorneys' Eyes Only Material to the Court, the Party may do so only under seal: "The Party seeking to disclose such information must: (a) pursuant to Rule 5(e)(4)(d) of the Local Rules of the U.S. District Court for the District of Connecticut, submit the documents sought to be sealed to chambers for in camera consideration and serve on all counsel of record copies of the documents sought to be sealed and shall file a motion to seal, a memorandum and supporting documents." Id. ¶ 10.

On this date, Defendants filed their Reply Brief together with a Supplemental Affidavit of Don Zhang and exhibits, some of which they have marked "Attorneys' Eyes Only" because, as further explained below, they contain privileged and protected information. Consequently, Defendants are filing the Motion to Seal under the procedures imposed by Protective Order ¶ 10 and Local Rule 5(e)(4)(d).

The exhibits in question, which are attached to the Supplemental Affidavit of Don Zhang (the "Zhang Affidavit Exhibits"), have been marked Attorneys' Eyes Only because they contain

attorney-client privileged information, information protected under Rule of Professional Conduct 1.6, and information protected by work product immunity. These exhibits concern legal services that Attorney Lance Liu performed for Defendants between July 2011 and November 2012. As explained in detail in the Reply Brief, Liu represented Defendants on the same (or substantially the same) matter as the present action, thus establishing that Liu's joint representation of Plaintiffs, and association with Plaintiffs' counsel, Jonathan Katz, Esq., in the present action is a violation of Rule of Professional Conduct 1.9. The Zhang Affidavit Exhibits include, inter alia, (1) emails between Liu and employees of Beta Pharma related to Liu's representation of Defendants and legal advice that he gave Defendants about the subject matter of the present action, (2) time entries for legal services that Liu provided to Defendants. The Zhang Affidavit Exhibits thus include communications between Defendants and Liu, and other information related to the legal services that he provided to Defendants, many of which were obtained from Liu. They also include documents obtained from Liu and subject to Rule 1.6 protection on that basis, as explained below.

Under Local Rule 5(e)(4)(d), "counsel shall submit to Chambers and shall serve on all counsel of record copies of the documents sought to be sealed and shall file a motion to seal, a memorandum and supporting documents." Loc.R.Civ.P. 5(e)(4)(d). "If the Court grants the motion to seal in whole or in part, counsel shall file any redacted copies of the documents required by the Court's sealing order and shall submit to the Clerk the unredacted documents to be sealed in a sealing envelope." For the convenience of the Court, and establishing their compliance with the Court's schedule for the filing of the Reply Brief, Defendants file herewith redacted copies of the Reply Brief and exhibits.

## II.     Legal Argument

### A.     Standard for Sealing Documents

"No judicial document shall be filed under seal, except upon entry of an order of the Court either acting sua sponte or specifically granting a request to seal that document." Loc. R. Civ. P. 5(e)(3). "Any such order sealing a judicial document shall include particularized findings demonstrating that sealing is supported by clear and compelling reasons and is narrowly tailored to serve those reasons." Id.  Attorney-client privilege constitutes a "compelling reason" for sealing documents. Lugosch v. Pyramid Co. of Onondaga, 435 F.2d 110, 125 (2d Cir. 2006). The work product doctrine is also recognized as such a "compelling reason." Travelers Indem. Co. v. Excalibur Reinsurance Corp., 2013 WL 4012772, *5 n. 11 (D.Conn. Aug. 5, 2013).

### B.     The Unredacted Versions of the Reply Brief and the Exhibits to the Supplemental Affidavit of Don Zhang Should be Sealed

#### i.     Some of the Information to Be Sealed is Protected from Disclosure by the Attorney-Client Privilege

As explained above, much of the material that has been redacted from the Reply Brief and the exhibits to the Supplemental Zhang Affidavit consists of communications and related information that concern legal advice that Liu provided to Defendants while acting as Beta Pharma's attorney on matters that are the same as, or substantially related to, the subject matter of the present action. Such information is privileged under both New Jersey and Connecticut law.[1] Under New Jersey law, "communications between a lawyer and his client in the course of that relationship and in professional confidence, are privileged, and a client has a privilege (a) to

---

[1] New Jersey rather than Connecticut law arguably applies to the privilege issues here. Expert Choice, Inc. v. Gartner, Inc., 2007 WL 951662, *2 (D.Conn. 2007) (applying a "most significant relationships test" to determine which state's privilege law applies).  However, the Court need not decide that issue because the outcome is the same here whether Connecticut or New Jersey privilege law applies.  "The first step in the choice of law analysis is to establish that an actual conflict of law exists, and that the application of the law of either jurisdiction would not produce the same result." Bulldog N.Y. LLC v. Pepsico, Inc., 8 F.Supp.3d 152, 162 (D.Conn. 2014).

4

refuse to disclose any such communication, and (b) to prevent his lawyer from disclosing it, and (c) to prevent any other witness from disclosing such communication if it came to the knowledge of such witness (i) in the course of its transmittal between the client and the lawyer, or (ii) in a manner not reasonably to be anticipated, or (iii) as a result of a breach of the lawyer-client relationship, or (iv) in the course of a recognized confidential or privileged communication between the client and such witness." N.J.S.A. 2A:84A-20(1). A "client" includes a corporation acting through an authorized representative, and any communication made in the course of the relationship is presumed to be made in professional confidence unless knowingly made in the presence of a person whose presence nullifies the privilege. Id.; 2A:84A-20(3).

Similarly, under Connecticut law, "[c]ommunications between client and attorney are privileged when made in confidence for the purpose of seeking legal advice." Blumenthal v. Kimber Mfg., Inc., 265 Conn. 1, 10 (2003) (internal citation omitted). The attorney-client privilege attaches to communications between an attorney and the employee of a client that is a corporate entity when: (1) the attorney was acting in a professional capacity for the corporation, (2) the communications were made by current employees or officials of the corporation, (3) the communications related to the legal advice sought by the corporation from the attorney, and (4) the communications were made in confidence. Id. at 10-11. The privilege covers the attorney's communications to the employees, as well as the employee's communications to the attorney, where it is inextricably linked to the giving of legal advice. Olson v. Accessory Controls & Equipment Corp., 254 Conn. 145, 157 (2000).

Here, as the Reply Brief explains, the emails, related time entries, and other documents created by Liu (letter, memorandum, etc.) occurred in the course of Liu's relationship with Beta Pharma as its attorney, and in professional confidence. Reply Brief at 3-7. They were sent only

5

to Liu and Beta Pharma employees.[2] Defendants thus have the privilege to prevent any disclosures of those communications and information. On this basis, Defendants have designated as "Attorneys' Eyes Only" and redacted Zhang Affidavit Exhibits 10-14, and references thereto in the Reply Brief.

### ii. The Information to Be Sealed is Protected from Disclosure by the R.P.C. 1.6

The information at issue is further protected from disclosure by Rule of Professional Conduct 1.6. Under that rule, a lawyer (here, Liu) may not reveal information relating to the representation of a client. Connecticut R.P.C. 1.6; New Jersey R.P.C. 1.6. Some of the information in the exhibits was retained by Liu from his representation of Beta Pharma, and later obtained by Defendants from Liu's files. Thus, such information is protected under Rule 1.6. On this basis, Defendants have designated as "Attorneys' Eyes Only" and redacted Zhang Affidavit Exhibits 11, 13, 15 and 16, and references thereto in the Reply Brief.

### iii. The Information to Be Sealed is Protected from Disclosure by the Work Product Doctrine

In certain documents, as explained in the unredacted version of the Reply Brief, Liu counseled Beta Pharma regarding liability on various issues. Indeed, the entire purpose of some of Liu's legal advice and work was to avoid such liability and potential lawsuits. Ultimately, litigation ensued when Plaintiffs filed this action. Since Liu performed this legal work in anticipation of litigation, under the work product doctrine, Plaintiffs may obtain discovery of documents created in the course of this work only by showing a substantial need for the materials, and showing that they cannot without undue hardship obtain the substantial equivalent

---

[2] As Defendants explained in detail in the Memorandum of Law in Opposition to Motion for Discovery Order Re: Motion to Disqualify ("Discovery Order Oppos.") that they filed on this date, Defendants have not waived attorney-client privilege with respect to this information in the action that they have filed against Liu in the Superior Court of New Jersey (the "New Jersey Action"). Discovery Order Oppos. at 20-23.

of the materials by other means.  N.J.S.A. § 4:10-2(c); Conn. Practice Book § 13-3(a).  This constitutes an additional reason for Defendants' designation and redaction of Zhang Affidavit Exhibits 10, 12, 14, and 15 and references thereto in the Reply Brief.[3]

> iv.  **The Interests Involved Weigh in Favor of Granting this Motion to Seal**

Moreover, as the Court can determine from inspection of the unredacted versions of these documents, these documents do not contain any information of interest to the public. The Court can also thus determine that the sealing order that Defendants seek is narrowly tailored to Defendants' legitimate need to protect their confidential and privileged information.  Apart from the information described as redacted above, the remaining information, including the bulk of the Reply Brief and much of the exhibits, has been filed on the public record in the redacted versions of these documents.  Thus, the Court has the basis for particularized findings that clear and compelling reasons support the sealing of the unredacted versions of these documents.

### III.  Conclusion

Because the standard for sealing is satisfied, and because such sealing will satisfy the requirements of the Protective Order, Defendants respectfully request that the Court grant their Motion to Seal.  As noted in the Motion itself, Defendants' counsel has contacted counsel for Plaintiffs and determined that Plaintiffs consent to this Motion to Seal, while reserving their right to challenge Attorneys' Eyes Only designations.  On this same date, Defendants are serving copies of the documents for which sealing is requested on Plaintiffs' counsel.

---

[3] In addition, Zhang Affidavit Exhibits 2-4 have been redacted for relevance, as the only reason for offering them is to show that Liu sent these emails from a "betapharma.com" address and used a signature block identifying himself as being from Beta Pharma, while Zhang Affidavit Exhibits 11 and 13 have been redacted for relevance because they consist of bills for Liu's services most of which are not relevant to this action in any way.

DEFENDANTS BETA PHARMA, INC. AND DON ZHANG,

By:   /s/
    Michael G. Caldwell, ct26561
    LeClairRyan, A Professional Corporation
    545 Long Wharf Drive, Ninth Floor
    New Haven, Connecticut  06511
    Telephone: (203) 672-1636
    Facsimile:  (203) 672-1656
    Email michael.caldwell@leclairryan.com

    Jack L. Kolpen (NJ Bar No. 026411987)
    Benjamin R. Kurtis (NJ Bar No. 029492010)
    Fox Rothschild, LLP
    Princeton Pike Corporate Center
    997 Lenox Dr., Bldg. 3
    Lawrenceville, NJ 08648-2311
    Telephone:  (609) 895-3304
    Facsimile: (609) 896-1469
    Email: JKolpen@foxrothschild.com
    Email:  bkurtis@foxrothschildcom
    *Admitted as Visiting Attorneys*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on January 30, 2015 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

               /s/_____
                Michael G. Caldwell (ct 26561)