UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SHANSHAN SHAO, HONGLIANG
   CHU, QIAN LIU, SONG LU,
   AND XINSHAN KANG,
   Plaintiffs,

v.

BETA PHARMA, INC., AND
   DON ZHANG,
   Defendants.

Civil Action No. 3:14CV01177 (CSH)

February 11, 2015

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF
MOTION FOR DISCOVERY ORDER**

On September 16, 2014, Defendants sued Attorney Lance Liu in New Jersey for damages, including punitive damages, alleging ". . . . that he switched sides and engaged in unethical conduct including, but not limited to, using confidential and privileged information obtained during his representation of Beta Pharma and Scientific to solicit third parties to sue them and used that information to represent the third parties in lawsuits against them." Defendants' Memorandum of Law in Opposition to Motion for Discovery Order Re: Motion to Disqualify, [Docket Entry 53], page 4. On October 14, 2014, defendants moved to disqualify Attorney Jonathan Katz, alleging ". . . . Liu has now switched sides and, using confidential information he gained from his representation of Beta Pharma and Zhang, solicited Plaintiffs to bring this action and is jointly representing Plaintiffs together with Katz in the same matters in which he previously represented

1

Beta Pharma and Zhang."[1], Defendants' "Motion to Disqualify Opposing Counsel," D.E. 20, page 1.

Defendants deposed Liu in the New Jersey action, and Liu's counsel deposed Don Zhang, who is a plaintiff in the New Jersey case and a defendant here. Crediting counsel for both sides with asking the obvious questions, testimony was likely elicited concerning:

   a. Whether Liu supplied information to Katz, and, if so, what information and when;
   b. Whether that information was confidential or privileged;
   c. Whether it related to the claims made by Shao, et al., in this case, and, if so, how; and
   d. Whether, if at all, Beta Pharma and/or Zhang were damaged by Liu's actions.

Those transcripts are directly relevant to defendants' burden of proof in the present Motion to Disqualify, including their need to show that the work Liu performed for Beta Pharma between July, 2011 and November, 2012 was "identical" or "essentially the same" as the summer, 2013 stock repurchase contracts and Beta Pharma's subsequent breaches giving rise to the present case, and whether Liu's actions would "tend to taint the trial" of the Shao action. [See, Plaintiff's "Memorandum in Support of Motion for Discovery Order," D.E. 45, pages 4 – 6] Undersigned counsel requested the transcripts. Beta Pharma refused to produce them. This motion followed.

---

[1] Beta Pharma's deposition discovery in the New Jersey case has already damaged the credibility of the sworn claims they have made there—and their allegations here. Beta Pharma's Verified Complaint in the New Jersey action averred that Liu had solicited a chemist, Wei Yuan, to hire undersigned counsel to sue Beta Pharma. But Beta Pharma's New Jersey depositions of Yuan and another chemist, Zhaoyin Wang, repudiated the claim that Lance Liu talked Yuan into suing Beta Pharma. Wang testified that he had previously been looking for counsel to sue Beta Pharma on behalf of four investors whose contracts he had witnessed—Wei Yuan, Bolin Wu, Qian Liu and Lin Jui. Much later Wang filed his own case in Connecticut against Beta Pharma, with allegations different from the present investor action. Wang v. Beta Pharma, Inc., et al., Civil Action No. 3:14-cv-01709-VLB.

Defendants' opposition to this discovery motion demonstrates their consistent approach to hampering the fact finding process necessary for this Court's determination of defendants' motion to disqualify. Indeed, the record in both New Jersey and Connecticut demonstrates that defendants have built, block by block, a stone wall the between the sworn truths contained in defendants' discovery depositions and this Court's reasoned consideration of this Motion to Disqualify. Defendants first obtained a New Jersey state court preliminary injunction against Liu. Then they obtained an "attorney's eyes only" protective order from the same court. After obtaining these orders, they took Liu's deposition, knowing they could use the orders to attempt to deprive undersigned counsel and this court of Liu's sworn testimony. They then obtained an "attorney's eyes only" protective order in this case, permitting them to offer their carefully curated set of confidential or privileged Liu documents, without waiving any privilege. Now they oppose this motion, asserting principles of "comity" and "Younger abstention" to frustrate the truth-finding process.

Defendants' filings in both New Jersey and Connecticut strongly indicate that defendants are using the attorney-client privilege as a sword, not a shield. Under these circumstances, defendants are able to "spin" Liu's work product and actions however they want – and plaintiffs will have no opportunity to use Liu's or Zhang's sworn testimony to impeach these assertions. In fact, defendants' opposition to this motion frustrates the truth-seeking process sufficiently to reinforce the inference that their motion to disqualify opposing counsel is simply a litigation tactic, nothing more.

Defendants' refusal to provide the parties and the Court with highly relevant evidence on their motion to disqualify suggests that are not interested in demonstrating to this Court that Liu's activities in 2011 and 2012 were "substantially the same" as the events giving rise to

Shao's lawsuit—events that occurred many months after Liu parted company with Beta Pharma. Defendants' actions further suggest that they lack interest in proving to the Court that Liu gave confidential and privileged information relevant to Shao's claims to Katz.

In that regard, defendants contend that ". . . . it is improper to inquire into whether the confidences at issue were actually used disclosed (sic). . . ."[2] They argue that plaintiffs' attempt to obtain the sworn testimony of Attorney Lance Liu and Don Zhang on the very subject of their disqualification motion is "misguided" because what actually happened is irrelevant. In other words, they insist on their ability to create the illusion of improper conduct, while simultaneously thwarting discovery of whether any such conduct actually occurred.

Defendants' tactics expose the Shao plaintiffs to enormous risk. If plaintiffs are deprived of counsel of their choice, they may have a very difficult time getting a replacement lawyer willing to handle a moderate-sized claim for plaintiffs, some of whom are Chinese nationals living half a world away, and some of whom have difficulty with English, against opposition so fully committed to resisting discovery. If plaintiffs lose the disqualification motion, they may never get their day in court.

Proceedings on the Motion to Disqualify Opposing Counsel are judicial in nature, not adversarial. This Court sits in judgment on the conduct of counsel, and may proceed in the manner in which it sees fit, ". . . .without oppression or unfairness . . . ." D. E. 45, Plaintiff's Memorandum In Support of Discovery Order, pp. 2 – 3. This court should not tolerate defendants' fundamentally unfair and oppressive litigation tactics which threaten the integrity of

---

[2] Defendants cite Goldenberg v. Corporate Air, Inc., 189 Conn. 505, 512 (1983) for this proposition. However, defendants ignore relevant authority which holds that courts may rely on attorney attestations that confidences have not been shared in deciding motions to disqualify). See American International Group, Inc. v. Bank of America Corp., 827 F.Supp.2d 341, 346 (S.D.N.Y. 2011) (citing cases). See Plaintiff's Opposition to Defendants' Motion to Disqualify Opposing Counsel, D.E. 32, pages 11 – 17.

the judicial process. The Court and the parties are to entitled full and fair access to all the evidence.

Defendants' legitimate interests in protecting access to privileged information can be addressed through the existing Protective Order entered by this Court. See D. E. 47. Indeed, the order was fashioned specifically for this purpose. This court should order the production of unredacted transcripts of both depositions, Liu and Zhang, and all exhibits, forthwith[3].

<div style="margin-left: 3em;">

PLAINTIFFS SHANSHAN SHAO, HONGLING CHU, QIAN LU, SONG LU, AND XINSHAN KANG,

By:   /s/
Jonathan Katz, Esq.
Jacobs & Dow, LLC
350 Orange Street
New Haven, Connecticut 06511
Telephone: (203) 772-3100
Facsimile: (203) 772-1691
Federal Juris No.: ct00182
Email jkatz@jacobslaw.com

</div>

---

[3] Plaintiffs' surreply memorandum in opposition to the Motion to Disqualify Opposing Counsel is due February 13, 2015. If this court grants plaintiffs' motion for discovery of transcripts, plaintiffs may seek to file a supplemental memorandum in opposition, addressing the deposition testimony of Messrs. Zhang and Liu.

## CERTIFICATE OF SERVICE

I hereby certify that on February 11, 2015, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                         /s/ _____
                                        Jonathan Katz, Esq.
                                        Jacobs & Dow, LLC
                                        350 Orange Street
                                        New Haven, Connecticut 06511
                                        Telephone: (203) 772-3100
                                        Facsimile: (203) 772-1691
                                        Federal Juris No.: ct00182
                                        Email jkatz@jacobslaw.com