# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHANSHAN SHAO, HONGLIANG CHU, QIAN LIU, SONG LU, AND XINSHAN KANG, Plaintiffs, | : : : : : | |
| v. | : : | Civil Action No. 3:14CV01177 (CSH) |
| BETA PHARMA, INC., AND DON ZHANG, Defendants. | : : : : | March 13, 2015 |

**Supplemental Memorandum re:  Motion for Discovery Order**

Pursuant to this Court's Order of March 3, 2015, Docket Entry 65, plaintiffs file this Supplemental Memorandum in support of their Motion for Discovery Order re:  Motion to Disqualify, Docket Entry 44, seeking production of the sworn testimony of Lance Liu and Don Zhang in the case of Beta Pharma, Inc., Beta Pharma Scientific, Inc. and Don Zhang v. Lance Liu, Superior Court of New Jersey, Law Division—Mercer County, Docket No. L-2040-14 (hereinafter, "Beta Pharma v. Liu".

In Baker by Thomas, v. General Motors Corp, 522 U.S. 222 (1998) the United States Supreme Court ruled that the Full Faith and Credit Clause of the United States Constitution permitted Baker to obtain the testimony of a General Motors witness in a Missouri case, despite the existence of GM's permanent injunction in a Michigan case precluding the witness from testifying.

Baker involved defendant General Motors' attempt to use a Michigan state court injunction to preclude a witness from testifying in a Missouri product liability action.  In particular, the Court needed to resolve the relationship between two cases in different states involving GM and two

different plaintiffs.  In Michigan, a General Motors ("GM") employee named Elwell sued GM in state court for wrongful discharge, and GM counterclaimed alleging that Elwell breached various fiduciary duties to GM.  After the parties settled their disputes, the Michigan state court entered a permanent injunction which, inter alia, enjoined Elwell from "'testifying, without the prior written consent of General Motors Corporation, either upon deposition or at trial, as an expert witness, or as a witness of any kind, and from consulting with attorneys or their agents in any litigation already filed, or to be filed in the future, involving General Motors Corporation as an owner, seller, manufacturer and/or designer of the product(s) in issue.'"  Id. at 228.

Subsequently, in a second case, the plaintiff Bakers brought a product liability claim against GM in Missouri arising from the death of their mother in a highway accident while a passenger in a GM vehicle.[1]  The Bakers sought to depose Elwell and to call him as a witness at trial.  GM objected to Elwell's deposition or testimony at trial, arguing that the Michigan injunction barred his testimony.  The Missouri District Court allowed the Bakers to depose Elwell and to call him at trial. The product liability case went to trial, and the jury awarded the Bakers a large verdict against GM. On appeal, the United States Court of Appeals for the Eighth Circuit reversed.

The Supreme Court granted certiorari to resolve the question:  "...whether the full faith and credit requirement stops the Bakers, who were not parties to the Michigan proceeding, from obtaining Elwell's testimony in their Missouri wrongful-death action."  Id. at 231.  The Court concluded that the Full Faith and Credit clause of the United States Constitution did not preclude the Bakers from obtaining Elwell's testimony.  At the outset, the Court recognized that while the Full Faith and Credit clause requires foreign states to recognize the judgments of originating states, it does not require foreign states to import the judicial enforcement mechanisms of the originating

---

[1] The Bakers initially brought suit in Missouri state court, but GM removed the action to the United States District Court.

state.  The Court also stated that "[o]rders commanding action or inaction have been denied

enforcement in a sister State when they purported to accomplish an official act within the exclusive

province of that other State or interfered with litigation over which the ordering State had no

authority."  Id. at 235.

> Thus, the Supreme Court found:

>> Michigan's judgment, however, cannot reach beyond the Elwell-GM controversy to control proceedings against GM brought in other states, by other parties, asserting claims the merits of which Michigan has not considered. Michigan has no power over those parties, and no basis for commanding them to become intervenors in the Elwell-GM dispute. See Martin v. Wilks, 490 U.S. 755, 761-763, 109 S. Ct. 2180, 2184-2185, 104 L. Ed. 2d 835 (1989).  Most essentially, Michigan lacks authority to control courts elsewhere by precluding them, in actions brought by strangers to the Michigan litigation, from determining for themselves what witnesses are competent to testify and what evidence is relevant and admissible in their search for the truth.

Id. at 238-39 ("…similarly the Michigan decree cannot determine evidentiary issues in a lawsuit

brought by parties who were not subject to the jurisdiction of the Michigan court.").

> The Baker court concluded:

>> In sum, Michigan has no authority to shield a witness from another jurisdiction's subpoena power in a case involving persons and causes outside Michigan's governance.  Recognition, under full faith and credit, is owed to dispositions Michigan has authority to order.  But a Michigan decree cannot command obedience elsewhere on a matter the Michigan court lacks authority to resolve.

Id. at 241-42.

> The Baker rule applies to the preliminary injunction and protective order entered by the

New Jersey state trial court in Beta Pharma v. Liu.  It limits the geographic reach of those orders to

New Jersey.  It is clear that Shanshan Shao and the four other plaintiffs here are not parties to the

New Jersey action, and Lance Liu is not a party in this case.   Neither of the New Jersey court orders

rises to the definition of a "final judgment" entitled to full faith and credit under the United States

Constitution.  Even if the orders were final, they would not operate to preclude the Connecticut

courts from ordering discovery of Mr. Liu's testimony in this case because they attempt to resolve evidentiary issues before the United States District Court for the District of Connecticut, in an action brought by plaintiffs not involved in the New Jersey action, or subject to that court's jurisdiction. See Baker, 522 U.S. at 239-40.

For the foregoing reason, as well as those asserted in Plaintiffs' prior memoranda, this court should grant plaintiffs' motion and order the discovery of the testimony of Don Zhang and Lance Liu.

PLAINTIFFS SHANSHAN SHAO, HONGLING CHU, QIAN LU, SONG LU, AND XINSHAN KANG,

By:____/s/_____
    Jonathan Katz, Esq.
    Jacobs & Dow, LLC
    350 Orange Street
    New Haven, Connecticut 06511
    Telephone: (203) 772-3100
    Facsimile:  (203) 772-1691
    Federal Juris No.:  ct00182
    Email jkatz@jacobslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2015, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

_____/s/_____
Jonathan Katz, Esq.
Jacobs & Dow, LLC
350 Orange Street
New Haven, Connecticut 06511
Telephone: (203) 772-3100
Facsimile:  (203) 772-1691
Federal Juris No.:  ct00182
Email jkatz@jacobslaw.com

5