UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| SHANSHAN SHAO, HONGLIANG CHU, QIAN LIU, SONG LU, AND XINSHAN KANG, Plaintiffs, | : : : : : : : : : : : : : | Civil Action No. 3:14CV01177 (CSH) MARCH 16, 2015 |
| v. |  |  |
| BETA PHARMA, INC., AND DON ZHANG, Defendants. |  |  |

**DEFENDANTS' MEMORANDUM IN RESPONSE TO PLAINTIFF'S
SUPPLEMENTAL MEMORANDUM RE:  MOTION FOR DISCOVERY ORDER**

Pursuant to the Court's Order of March 3, 2015 [D.E. #65], defendants Beta Pharma, Inc. ("Beta Pharma") and Don Zhang (together, "Defendants") hereby file this Memorandum in response to the Supplemental Memorandum re: Motion for Discovery Order that Plaintiffs filed on March 13, 2015 (the "Supplemental Brief" or "Supp. Br.") [D.E. #68].  Plaintiffs filed the Supplemental Brief to present to the Court a single decision of the U.S. Supreme Court, Baker by Thomas v. General Motors Corp., 522 U.S. 222 (1998), which they claim is relevant to this Court's consideration of their Motion for Discovery Order [D.E. #44].  However, that decision is not relevant to Plaintiffs' Motion because it involved a different legal issue and a strongly distinguishable factual setting.  Plaintiffs are mistaken in arguing, in effect, that Baker abolished the principles of comity and abstention as applied to discovery orders issued by state courts.

As discussed in detail in the Memorandum of Law that Defendants filed on January 30, 2015 in opposition to Plaintiffs' motion (the "Opposition Brief" or "Opp. Br.") [D.E. #53], Plaintiffs seek to use Defendants' disqualification motion to obtain the very information that

Defendants' motion seeks to protect. In the Motion for Discovery Order, Plaintiffs ask the Court to order Defendants to provide them with copies of certain deposition transcripts and associated documents from a civil action in New Jersey (the "New Jersey Action") that are protected from disclosure to third parties by orders entered by the court in that action (the "New Jersey Court"). Opp. Br. at 1-2. Defendants explained that principles of comity and Younger abstention require that Plaintiffs' request to circumvent the New Jersey Court's orders be made, if at all, to the New Jersey Court. Id. at 11-16.

Plaintiffs offer Baker to rebut Defendants' argument that this Court should display comity and abstention to the New Jersey Court's discovery orders. However, the Supreme Court's decision in Baker involved a different legal issue. Rather than addressing the comity and abstention arguments that Defendants made in the Opposition Brief, Baker addresses the enforcement of a state court's final judgment under the Full Faith and Credit Clause of the U.S. Constitution. Baker at 238-41. Defendants did not base their argument on the Full Faith and Credit Clause. In other words, Plaintiffs offer Baker to rebut an argument that Defendants have not made.

The Full Faith and Credit Clause differs from the principles of comity and abstention. It is a constitutional requirement and concerns only final judgments, which are not at issue here. Baker at 233 (defining the Full Faith and Credit Clause as meaning that "[a] final judgment in one State, if rendered by a court with adjudicatory authority over the subject matter and persons governed by the judgment, qualifies for recognition throughout the land."). As the Opposition Brief explained, the principles of comity and Younger abstention, on the other hand, represent considerations of courtesy, deference and federalism, and typically apply to ongoing actions in other courts. Opp. Br. at 11-16; see, e.g., Puerto Rico Aqueduct & Sewer Auth. v. Clow Corp.,

111 F.R.D. 65, 67-68 (D.P.R. 1986) (where the action in which a protective order was entered is ongoing, principles of comity require a subsequent court to await a ruling by the court that issued the order); Spargo v. N.Y. State Comm'n on Judicial Conduct, 351 F.3d 65, 75 (2d Cir. 2003) (Younger abstention applies where, inter alia, there is a pending state proceeding). These principles are linked to the fact that the litigant generally has the opportunity to intervene in an ongoing action. See, e.g., Donovan v. Lewnowski, 221 F.R.D. 587, 591 (S.D. Fla. 2004), discussed in the Opposition Brief at 12. Here, of course, the New Jersey Action is ongoing.

In Baker, the Supreme Court held that the Full Faith and Credit Clause did not require a Missouri federal court to abide by all the terms of a final judgment in a Michigan state action. Defendants, however, have not argued that the Full Faith and Credit Clause requires this Court to treat the New Jersey Court's discovery orders as a final judgment and enforce them as such. Rather, Defendants argue that this Court ought to follow the precedent set by other courts and, as a matter of comity and abstention, allow the New Jersey Court to decide any petition that Plaintiffs may make to modify that court's orders. The Supreme Court said nothing in Baker to bar a federal court from observing principles of comity or abstention in appropriate circumstances.

Plaintiffs underscore the irrelevance of their Baker argument when they state that "[n]either of the New Jersey court orders rises to the definition of a 'final judgment' entitled to full faith and credit under the United States Constitution." Supp. Br. at 3. Defendants have not argued that the New Jersey Court's orders are final judgments or that "full faith and credit" is at issue here.

The difference between the factual setting of the Baker decision and the present situation illustrates the huge difference between the Full Faith and Credit Clause issue in that case and the

comity/abstention issues here. In Baker, General Motors had been sued in the courts of Michigan by a former employee, Elwell, who brought wrongful discharge and other employment claims. In settling that action, Elwell agreed to a permanent injunction, issued by the Michigan court as a final judgment, under which he was barred from testifying without General Motors' consent in any future action in any court, at deposition or trial, in any litigation that involved General Motors and the products at issue in his action. Baker at 228. Later, when the Michigan action was over, the plaintiffs in a wrongful-death action in a Missouri federal court sought to depose Elwell and call him as a witness at trial. The district court permitted the plaintiffs to do so, rejecting General Motors' argument that the Michigan injunction absolutely barred the court from permitting such testimony. The Supreme Court held that the Missouri district court was not barred from permitting Elwell's testimony by the Full Faith and Credit Clause. It did not address the question of whether the Missouri district court would have had the option to display comity to the Michigan court had the Michigan action been ongoing and had comity been invoked.

The factual setting in Baker differed from the present one in two very important respects. First, Baker did not involve the protection of a party's confidential and privileged information. General Motors simply did not want Elwell to testify. In fact, the Baker injunction was not related to any publicly recognized justification for restricting discovery. Instead, it represented a deal between Elwell and General Motors, in which Elwell agreed not to testify in any future actions in return for the money that General Motors gave him to settle his action. The Michigan court merely approved the deal.[1] The Supreme Court found that this deal could operate against Elwell to preclude him from _volunteering_ his testimony, but could not bar any other court from requiring his testimony. Baker at 239. Here, by contrast, the New Jersey Court's orders serve

---

[1] Here, on the other hand, the New Jersey Court did not merely approve a stipulation between the parties in the New Jersey Action. Rather, that court entered its discovery orders only after the relevant issues were disputed and litigated by the parties. See Opp. Br. at 13.

4

the fundamentally just purpose of enabling Defendants to defend the confidentiality of their privileged information without being defeated by their very efforts to do so.

Second, the <u>Baker</u> injunction swept immensely beyond the limited protection that Defendants seek here. That injunction would have prevented Elwell from providing testimony related to the products at issue in any action, in any court, under any circumstances, forever. It would have defined one potential witness as out of bounds in all future actions no matter what the value of his testimony was. The language from <u>Baker</u> that Plaintiffs cite is related to the sweeping nature of the Michigan injunction. Supp. Br. at 3.

Defendants' argument here, on the other hand, is far more modest. They argue merely that if Plaintiffs want to obtain privileged information contained in depositions held in the ongoing New Jersey Action, after Defendants relied on the orders issued by the New Jersey Court when they conducted those depositions, they should direct their request to modify those orders to the New Jersey Court. This modest position, endorsed by a number of courts as noted in the Opposition Brief, simply does not raise the issues about the state court's authority that the Supreme Court addressed in <u>Baker</u>. For example, Plaintiffs quote the <u>Baker</u> decision as follows: "Michigan lacks authority to control courts elsewhere by precluding them ... from determining for themselves what witnesses are competent to testify and what evidence is relevant and admissible in their search for the truth." Supp. Br. at 3. Defendants have not argued that the New Jersey Court has the power to preclude this Court from making decisions about the competence of witnesses to testify or the relevance or admissibility of evidence.

Significantly, although the Supreme Court decided <u>Baker</u> in 1998, Plaintiffs have not offered a single case relying on <u>Baker</u> for the proposition that a court should <u>not</u> defer to another court's orders on comity or abstention grounds. To the contrary, Defendants have cited

numerous cases, decided after 1998, holding that a court should defer to the discovery orders of another court, and that the party seeking to revise or avoid the order should seek relief in the issuing court. Opp. Br. at 11-15. Not one of these courts believed that Baker precludes deference, on comity grounds, to the discovery orders of another court.

Thus, Plaintiffs are mistaken in arguing that the Baker decision "limits the geographic reach of [the New Jersey Court's] orders to New Jersey." Supp. Br. at 3. Baker did not abolish principles of comity as applied to discovery orders, and thus does not bar this Court from following the precedent established by the courts cited in the Opposition Brief. As Defendants explained there, this Court should defer to the New Jersey Court on this issue based on the considerations outlined by a sister federal court after Baker was decided: "Courts which have been called upon to decide discovery motions that involve requests to modify or terminate a protective order previously issued by another court, whether state or federal, have frequently felt constrained by principles of comity, courtesy, and, where a federal court is asked to take such action with regard to a previously issued state court protective order, federalism." Tucker v. Ohtsu Tire & Rubber Co., 191 F.R.D. 495, 499 (D. Md. 2000), cited in Opp. Br. at 11.

For this reason, and for all the reasons set forth in Defendants' Opposition Brief, Defendants respectfully request that the Court deny the Motion for Discovery Order.

                                      DEFENDANTS BETA PHARMA, INC. AND
                                      DON ZHANG,

                                      By:     /s/
                                          Michael G. Caldwell, ct26561
                                          LeClairRyan, A Professional Corporation
                                          545 Long Wharf Drive, 9th Floor
                                          New Haven CT 06511
                                          Ph. (203) 672-1636
                                          Fax (203) 672-1656
                                          Email: michael.caldwell@leclairryan.com

                Jack L. Kolpen (NJ Bar No. 026411987)
                Benjamin R. Kurtis (NJ Bar No. 029492010)
                Fox Rothschild, LLP
                Princeton Pike Corporate Center
                997 Lenox Dr., Bldg. 3
                Lawrenceville, NJ 08648-2311
                Telephone:  (609) 895-3304
                Facsimile: (609) 896-1469
                Email: JKolpen@foxrothschild.com
                Email: bkurtis@foxrothschild.com
                *Admitted as Visiting Attorneys*

## CERTIFICATE OF SERVICE

      I hereby certify that on March 16, 2015 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.   Parties may access this filing through the Court's CM/ECF System.

      /s/
Michael G. Caldwell (ct 26561)