UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHANSHAN SHAO, HONGLIANG CHU, QIAN LIU, SONG LU, AND XINSHAN KANG, Plaintiffs, <br><br> v. <br><br> BETA PHARMA, INC., AND DON ZHANG, Defendants. | : <br> : <br> : <br> : <br> : <br> : Civil Action No. 3:14CV01177 (CSH) <br> : <br> : <br> : <br> : <br> : <br> : JUNE 18, 2015 |

**MOTION TO CLOSE COURTROOM**

Defendants Beta Pharma, Inc. ("Beta Pharma") and Don Zhang ("Zhang") (collectively "Defendants") hereby move to close the courtroom during the hearing scheduled in this action on June 24, 2015 (the "Hearing") either (1) for the entire duration of the Hearing, or (2) during the portion of the Hearing dedicated to Defendants' Motion to Disqualify Counsel. Such closure would permit attendance at the Hearing only by counsel representing the parties to this action and court personnel. Defendants move to close the Court because information relevant to the Motion to Disqualify Counsel is privileged. Closing the courtroom will ensure that the Court has a complete record and that the parties can argue all facts relevant to that Motion without Defendants waiving their privileges. Defendants' counsel has contacted counsel for plaintiffs Shanshan Shao, et al. ("Plaintiffs") and determined that Plaintiffs object to this Motion.

**I.      Overview and Relevant Facts**

The June 24, 2015 Hearing will involve argument on two motions:  (1) the Motion to Disqualify Counsel (which Defendants filed on October 14, 2014) (the "Motion to Disqualify

Counsel") [D.E. #20]; and (2) the Motion for Discovery Order (which Plaintiffs filed on January 9, 2015) [D.E. #44].  Since much of the evidence on the Motion to Disqualify Counsel is privileged, at the portion of the Hearing dedicated to that Motion, the parties will be able to provide a full discussion of that Motion only if they can refer to certain confidential and privileged documents that the Court has sealed and that have been designated "Attorneys' Eyes Only" (AEO) under the Protective Order for Motion to Disqualify Counsel (issued by the Court on January 16, 2015) (the "Protective Order") [D.E. #47].

Defendants sought the Protective Order to enable them to submit certain confidential and privileged information with their reply brief on the Motion to Disqualify Counsel without risking the use of that information against them and waiving their privileges with respect to that information.  The purpose of the Motion to Disqualify Counsel is to protect Defendants from having their confidential and privileged information used against them, and, as Defendants have explained, the law does not require Defendants to disclose their confidences and waive their privileges in order to protect such information.  See Statement and Memorandum on Defendants' Proposed Protective Order and Confidentiality Agreement, filed by Defendants on January 6, 2015 (the "Statement") [D.E. #43], at 4; Goldenberg v. Corporate Air, Inc., 189 Conn. 504, 512 (1983), overruled in part on other grounds Burger & Burger, Inc. v. Murren, 202 Conn. 660 (1987).

After the Court issued the Protective Order, Defendants designated certain documents as AEO under the Protective Order, meaning that, even if submitted to the Court and served on Plaintiffs' counsel, they may not be provided to Plaintiffs, and their privileged status would not be waived.  See Protective Order, ¶ 3, 5, 13.  On January 30, 2015, Defendants submitted those documents to the Court, and served them on Plaintiffs' counsel, as exhibits to the unredacted

version of their reply brief [D.E. #54, 67]. Defendants contemporaneously moved to seal those documents. On March 4, 2015, the Court issued an Order sealing the unredacted version of the reply brief and exhibits, as well as the unredacted version of Plaintiffs' surreply brief [D.E. #66]. In the sealing Order, the Court held that "sealing is supported by clear and compelling reasons and is narrowly tailored to serve those reasons."

Since Defendants submitted the subject documents roughly five months ago, Plaintiffs' counsel has not objected to the designation of these documents as AEO or to their sealing, though the Protective Order created a procedure for challenging such designations. Protective Order, ¶ 8.

## II.     Legal Argument

Consistent with the Protective Order, compelling reasons exist for closing the courtroom at the Hearing: developing a complete record, and facilitating argument on privileged issues without effectuating a waiver.

The court may close a courtroom if "the party seeking to close the hearing . . . advance[s] an overriding interest that is likely to be prejudiced, the closure . . . [is] no broader than necessary to protect that interest, the trial court . . . consider[s] reasonable alternatives to closing the proceeding, and [i]t . . . make[s] findings adequate to support the closure." Hoi Man Jung v. Walker, 468 F.3d 168, 173 (2d Cir. 2006); see also Walker v. Georgia, 467 U.S. 39, 48 (1984). Defendants easily satisfy this standard.

### A.     Overriding Interests Will Be Prejudiced if the Courtroom Is Not Closed

First, Defendants advance an overriding interest that will be prejudiced if the courtroom is not closed: developing a complete record and argument on the Motion to Disqualify Counsel

3

without waiving Defendants' privileges.  This overriding interest justified entering the Protective Order and now justifies granting this Motion.

The Protective Order enabled Defendants to submit relevant, privileged documents in connection with the Motion to Disqualify Counsel, and to serve them on Plaintiffs' counsel, without risking the use of the documents against them outside litigation of the Motion to Disqualify Counsel and without waiving Defendants' privileges with respect to them—specifically the attorney-client privilege, work-product protection, and confidentiality under Rule of Professional Conduct 1.6.  See Protective Order at 1; Statement at 4.  To that end, under the Protective Order, Plaintiffs would not be permitted to see the privileged materials.  The Court explained the underlying concern of protecting Defendants' privileges in its Opinion on Proposed Protective Orders, dated January 16, 2015 (the "Opinion") [D.E. #48]:

> The Court is also not persuaded by counsel for Plaintiffs' claim that his clients have a right to see Defendants' attorney-client and work-product privileged materials . . . The AEO designation provides a mechanism by which Plaintiffs' counsel may view documents produced with respect to the motion to disqualify.  Defendants' motion to disqualify counsel turns on questions of law.  Plaintiffs' lay clients do not need to see such documents.

Opinion at 6.  On that basis, the Court's Protective Order includes provisions permitting Defendants to submit the documents in question to the Court and serve them on Plaintiffs' counsel while preventing Plaintiffs themselves from seeing the documents. Protective Order ¶ 3, 5.

The purpose of the Protective Order will be defeated if oral argument on the Motion to Disqualify Counsel at the Hearing involves revelation of Defendants' confidential and privileged information to Plaintiffs or anyone else.  Thus, an overriding interest in protecting Defendants' privileged, work product, and confidential information will be prejudiced if the Hearing is not closed.

Closing the Hearing will also be consistent with the provision of the Protective Order concerning the transcript of the Hearing. Protective Order, ¶ 9. That provision ensures that the transcript will not reveal the confidential and privileged information at issue. It provides, in pertinent part:

> 9. In the event that a Party believes that any testimony or argument from a hearing on the Motion to Disqualify contains Confidential or Attorneys' Eyes Only Material, such Party may designate such testimony or argument as Confidential or Attorneys' Eyes Only by: (i) stating orally on the record on the day the testimony or argument is given that portions of the testimony and/or argument are deemed Confidential or Attorneys' Eyes Only; or (ii) sending written notice to all Parties within ten days after receipt of the transcript setting forth the page and line numbers of the testimony and/or argument to be designated Confidential or Attorneys' Eyes Only. . . . Until expiration of the ten day period, all testimony and argument on the Motion to Disqualify shall be deemed Attorneys' Eyes Only and treated as if so designated.

Closing the courtroom will further advance the evident purpose of this provision to guarantee that oral argument does not result in disclosure or waiver of privileged information.

In addition, closing the courtroom will serve the overriding purposes of creating a complete record on the Motion to Disqualify Counsel and permitting argument on highly relevant issues. One of the issues on the Motion to Disqualify Counsel is whether Lance Liu formerly counseled Defendants on the same or substantially the same matter as this case. Much of the evidence establishing that the matters are the same is privileged, work product, and/or protected from disclosure under RPC 1.6. Granting this Motion will allow the parties to discuss this evidence at the Hearing and, therefore, will allow for the development of a complete record, assisting the Court in rendering a decision on this issue.

### B.   The Requested Relief is No Broader Than Necessary

Second, the closure proposed is no broader than necessary to protect these interests. Restricting the parties themselves and the public from attending the Hearing (or a portion of the Hearing) is necessary to accomplish the core purpose of the closure – preventing the disclosure

of confidential and privileged information, which is relevant to the Motion to Disqualify Counsel, to persons who do not need to see it, including Plaintiffs. The proposed closure enables Plaintiffs' counsel to see such information, while preventing its spread to Plaintiffs, the public, and possibly to Plaintiffs' successor counsel (if the Motion to Disqualify Counsel is granted).

### C.   Closing the Hearing is the Best Alternative

Third, closing the Hearing, or closing the portion of the Hearing dedicated to the Motion to Disqualify Counsel, is the best available alternative. Another option would be to close a portion of the Hearing when it appears that the confidential and privileged information in question will be discussed, and reopen it afterwards. Defendants are amenable to this option, but recognize that this alternative may be cumbersome in practice, as it would require that the Court and counsel keep distinct in their minds the matters that may be addressed when the courtroom is open. It would require, perhaps repeatedly, that the proceedings be interrupted while the closure issue is addressed, and certain persons are asked to leave and reenter the courtroom. This could result in a significant and unnecessary loss of the limited time available for argument during the Hearing.

An alternative would be an Order from the Court limiting counsel to arguments that do not refer to the content of the privileged documents. However, as noted above, that alternative would restrict the argument, reducing its utility to the parties and the Court. In particular, the parties would not be permitted to argue about a highly relevant issue: whether certain privileged evidence in Defendants' Motion to Disqualify Counsel establishes that Liu counseled them on the same or substantially the same matter as this case. Consequently, closing the courtroom either throughout the Hearing, or during the portion of the Hearing dedicated to the Motion to Disqualify Counsel, is the best alternative.

Closing the courtroom would not be burdensome to Plaintiffs. Their counsel will be in attendance. The transcript of the Hearing, after redaction under Paragraph 9 of the Protective Order if privileged information is discussed, will be available to Plaintiffs, and the unredacted version will be available for their counsel. No testimony is to be taken at the Hearing, so Plaintiffs need not be in attendance. The Hearing will consist of legal argument, which Plaintiffs' counsel can offer without the need to consult Plaintiffs. Furthermore, as noted above, Plaintiffs' counsel has not, over a period of five months, objected to the designation of these documents as AEO or to their status as sealed documents, so there is no burden to Plaintiffs from protecting the confidentiality of this information.

Closing the courtroom also would not be burdensome to the public. The transcript of the Hearing will be available, after any necessary redaction. While the Motion to Disqualify Counsel raises the important interest of avoiding the appearance of impropriety, no members of the public have asserted any interest in the Motion to Disqualify Counsel.

### D.     The Court May Easily Make the Necessary Findings

Fourth, the Court may make the findings necessary to close the Hearing simply by referring to the considerations that justified the issuance of the Protective Order, as stated in the Opinion. Thus, the closure order will not consume significant judicial resources.

## III.    Conclusion

For all the foregoing reasons, Defendants respectfully request that the Court issue an Order closing the courtroom during either (1) the Hearing as a whole, or (2) the portion of the Hearing dedicated to the Motion to Disqualify Counsel. Such closure will permit attendance at the Hearing –or the closed portion of the Hearing – only by counsel representing the parties to

this action and court personnel, therefore protecting Defendants' privileged, work product, and/or confidential information.

                                DEFENDANTS BETA PHARMA, INC. AND
                                DON ZHANG,

By:   /s/
     Michael G. Caldwell, ct26561
     LeClairRyan, A Professional Corporation
     545 Long Wharf Drive, 9th Floor
     New Haven CT 06511
     Ph. (203) 672-1636
     Fax (203) 672-1656
     Email: michael.caldwell@leclairryan.com

     Jack L. Kolpen (NJ Bar No. 026411987)
     Benjamin R. Kurtis (NJ Bar No. 029492010)
     Fox Rothschild, LLP
     Princeton Pike Corporate Center
     997 Lenox Dr., Bldg. 3
     Lawrenceville, NJ 08648-2311
     Telephone: (609) 895-3304
     Facsimile: (609) 896-1469
     Email: JKolpen@foxrothschild.com
     Email: bkurtis@foxrothschild.com
     *Admitted as Visiting Attorneys*

## CERTIFICATE OF SERVICE

I hereby certify that on June 18, 2015 a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

/s/
Michael G. Caldwell (ct 26561)