UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHANSHAN SHAO, HONGLIANG CHU, QIAN LIU, SONG LU, AND XINSHAN KANG, | 3:14-CV-01177 (CSH) |
| Plaintiffs, | |
| v. | |
| BETA PHARMA, INC., AND DON ZHANG, | January 26, 2016 |
| Defendants. | |

**RULING ON MOTION TO QUASH SUBPOENAS**

<u>HAIGHT,</u> Senior District Judge:

    This case is before the Court upon a motion by Defendants to quash nonparty subpoenas served by Plaintiffs.

**I.  BACKGROUND**

    Plaintiffs have served a subpoena upon JPMorgan Chase Bank, a non-party, which calls for the production of "all documents or records in regard to" the corporate Defendant in this case, Beta Pharma, Inc. ("BP").  Plaintiffs have also served a similarly worded subpoena upon the Bank of America, another non-party, calling for the production of "all documents or records in regard to" the individual Defendant, Don Zhang.  The subpoenas specify the same address for both Defendants, namely, 31 Business Park Drive, Branford, CT 06405.

    Defendants move [Doc. 101] to quash these subpoenas "because they seek Defendants' confidential financial information though it has no relevance to the claims in this action, and

because they are overbroad." Plaintiffs resist the motion to quash. Counsel for the parties have briefed the issues. This Ruling resolves the motion to quash.

## II.  DISCUSSION

A principal claim asserted by Plaintiffs in their Amended Complaint is that at all relevant times "Defendant Zhang has exercised complete domination and control over the business and affairs of defendant BP, has operated BP without meaningful participation by any Board of Directors, has commingled BP's funds with his own funds, has exercised dominion and control over the funds raised by the stock sales alleged herein, and has treated BP as his alter ego such that the corporate form of BP should be disregarded." These allegations, if proven, would justify piercing BP's corporate veil to impose personal liability upon Zhang for any indebtedness BP bore to the Plaintiffs. The case at bar is accordingly quite different from an earlier decision of this Court upon which Defendants rely, *Lego A/S v. Best-Lock Construction Toys, Inc.*, 886 F.Supp.2d 65 (D.Conn. 2012). In *Lego* the Court denied the plaintiff's motion to join an individual corporate officer as an additional party defendant with the defendant corporation, where "Lego does not allege that the Best-Lock corporations are mere shells, dominated in all material ways by Geller's personal conduct," and consequently "Lego's allegations and conjectures are entirely insufficient to plead a prima facie justification for piercing the corporate veil in this case." 886 F.Supp.2d at 81. Plaintiffs at bar include in the amended complaint allegations sufficient to make out a prima facie case for corporate veil piercing.

Moreover, the plausibility of that claim of veil piercing is enhanced by the unexplained facts that according to the contracts, Plaintiffs purchased the stock certificates in question from BP, but paid for them by checks payable to Zhang personally and delivered to him, and thereafter

received partial repurchase checks drawn on BP's account at JPMorgan Chase. These circumstances are consistent with Plaintiffs' allegations that Zhang has "commingled BP's funds with his own funds" and "exercised dominion and control over the funds raised by the stock sales."

Of course, Plaintiffs must prove their allegations at trial, but the question presented by this motion to quash subpoenas is whether they are entitled to conduct discovery in aid of that proof. Given the sufficiency of Plaintiffs' veil-piercing allegations, that question must clearly be answered in the affirmative. Defendants rely on the Connecticut Supreme Court's statement in *Commissioner of Environmental Protection v. State Five Industrial Park, Inc.*, 304 Conn. 128, 141 (2012), that "because corporate veil piercing is an equitable remedy, it should be granted only in the absence of adequate remedies at law." One would not presume to quarrel with the Connecticut Court's pronouncement, but Defendants take it out of context: the Court spoke those words only after a full plenary bench trial, the dispositive holding being that "although we conclude the trial court's findings have some basis in the evidence, we nevertheless are left with the definite and firm conviction that a mistake has been made." *Id*. at 144.

The case at bar, in its pre-trial discovery stages, is governed by Fed. R. Civ. P. 26(b)(1), which provides: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," as measured by certain criteria. Defendants do not assert that these subpoenaed bank records are privileged. The bank records, corporate and individual, are clearly of core relevance to a veil-piercing claim. Of the criteria for discoverability enumerated by the Rule, Defendants contend the documents sought are private and confidential in nature, and the subpoenas are overbroad. These objections do not

suffice to preclude the discovery.  Defendants express their concern over "the possibility that the information" in their bank records "will ultimately be transferred to third parties."  Main Brief at 7-8.  To the extent that concern is legitimate, it can be assuaged by a properly fashioned confidentiality order.  As for overbreadth, the bank records sought must have some discernible relationship to Defendants' alleged veil-piercing conduct at the time of the transactions in suit.  I will impose a temporal restriction on the documents the banks must produce in response to the subpoenas.  The stock certificate sale contracts were apparently executed and the initial payments made by Plaintiffs in or about March 2011.  The banks must produce responsive records from January 1, 2011 through the present.  The quantity of documents does not appear to be so large as to be onerous or disproportionate.  Plaintiffs Brief at 1 says that Bank of America has complied with the subpoena at a total copying cost of only $400.24, a modest sum that does not bespeak vast volumes of paper.

The briefs of counsel raise other issues, but I need not consider them.

### III.  CONCLUSION

For the foregoing reasons, Defendants' Motion to Quash Subpoenas [Doc. 101] is DENIED,  subject to the conditions set forth *infra*.

Defendants' Motion for the Scheduling of a Conference [Doc. 108] is DENIED AS MOOT.

The documents to be produced in response to the subpoenas are limited to those created during the period January 1, 2011 though the present.

Disclosure of the produced documents will not be made to the Plaintiffs or to their counsel until a Confidentiality Order has been entered by the Court.  Counsel are directed to

4

agree upon the terms of that Order if possible, or failing agreement, to write letters to the Court describing the areas of disagreement, and the Court will impose the terms.

    It is SO ORDERED.

Dated:   New Haven, Connecticut

        January 26, 2016

                              */s/ Charles S. Haight, Jr.*
                              **CHARLES S. HAIGHT, JR.**
                              **Senior United States District Judge**