UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHANSHAN SHAO, HONGLIANG CHU, QIAN LIU, SONG LU, AND XINSHAN KANG,<br><br>                    Plaintiffs,<br>   v.<br><br>BETA PHARMA, INC., AND DON ZHANG,<br><br>                    Defendants. | Civil Action No.<br>3:14-CV-01177 (CSH)<br><br><br><br>MARCH 27, 2017 |

**MEMORANDUM AND ORDER ON SUBJECT MATTER JURISDICTION**

**HAIGHT, Senior District Judge:**

I.   INTRODUCTION

In this Memorandum and Order, the Court performs a task the Second Circuit lays upon the judiciary in *Wight v. BankAmerica Corp.*, 219 F.3d 79, 90 (2d Cir. 2000): "Irrespective of how the parties conduct their case, the courts have an independent obligation to ensure that federal jurisdiction is not extended beyond its proper limits."

That obligation arises in the captioned case, a civil action alleging claims for breach of contract and tort, which the five Plaintiffs filed in the Connecticut Superior Court, Judicial District of New Haven, and the two Defendants thereafter removed to this Court. The sole basis for removal identified by Defendants was complete diversity of citizenship between the parties, pursuant to 28 U.S.C. § 1332(a).

This case presents circumstances which require the Court to conduct an inquiry to ensure that

the proper limits of diversity jurisdiction have not been exceeded. If they have been exceeded, the case will be remanded to State court. If complete diversity is sufficiently alleged and clearly present, the case will go forward in this Court.

## II. BACKGROUND

There are three motions pending *sub judice* in this action. Decision will be stayed awaiting further Order because the Court raises *sua sponte* the question whether complete diversity of citizenship exists in the case. That is the only basis asserted by Defendants for their removal of the case from the Connecticut state court where Plaintiffs filed it ("the State Action").

The circumstances giving rise to the Court's inquiry are as follows. According to the State Action complaint, the five individual Plaintiffs are investors in a "privately owned organization" (Plaintiffs' phrase) under the laws of the People's Republic of China called Zhejiang Beta Pharma Co., Ltd. ("Zhejiang" or "ZBP"). ZBP is affiliated with the corporate Defendant in this case, Beta Pharma, Inc. ("Beta" or "BP"). The individual Defendant, Don Zhang, is alleged to be the majority stockholder and president of BP, and the vice-president and a director of ZBP. Plaintiffs assert claims for breach of contract and tort against both Defendants.

According to Defendants' Notice of Removal to this Court [Doc. 1], after Plaintiffs served Defendants with copies of the summons and complaint on July 14, 2014, Plaintiffs filed their complaint in the Connecticut Superior Court, Judicial District of New Haven, commencing the State Action on July 25, 2014. The complaint, included as Exhibit A to Doc. 1 [Doc. 1-1] and dated July 10, 2014, was signed four days before service of copies was made on Defendants, on July 14, 2014. The case docket in the Connecticut state action indicates that the complaint was filed with the

summons and return of service on July 25, 2014, officially commencing the State Action.[1] Removal by Defendants to this federal court on August 13, 2014, was timely under 28 U.S.C. § 1446(b) in that it was filed within 30 days after Defendants were served on July 14, 2014.[2]

### III.  DISCUSSION

As stated *supra*, Defendants' Notice of Removal indicates that the sole basis for this Court's subject matter jurisdiction is "diversity of citizenship" pursuant to 28 U.S.C. § 1332(a). Doc. 1, at 2.

Pursuant to Article III of the Constitution, a federal court may only exercise subject matter jurisdiction where either: (1) the plaintiff sets forth a colorable claim arising under the Constitution or federal statute, creating "federal question" jurisdiction, 28 U.S.C. § 1331; or (2) there is complete diversity of citizenship between all plaintiffs and all defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs, 28 U.S.C. § 1332(a)(1).[3] Upon review of the

---

[1] This Connecticut procedure regarding the commencement of a civil action – *i.e.*, serving the summons and complaint, then filing those documents with the return of service with the Clerk – accords with Connecticut statutory law, Conn. Gen. Stat. §§ 52-45a, *et seq.*, and is the opposite of the requirement in federal court that a Plaintiff file the complaint before serving the defendants, Fed. R. Civ. P. 3.

[2] 28 U.S.C. § 1446(b) provides, in relevant part:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . .

Defendants filed their Notice of Removal 30 days after being served with the complaint in the State Action.

[3] The Court notes that the mandatory jurisdictional amount for diversity, exceeding $75,000, exclusive of interest and costs, has been alleged by Defendants in their Notice of Removal. In particular, Defendants state:

3

complaint, it appears that the only potential basis for subject matter jurisdiction is diversity of citizenship, 28 U.S.C. § 1332(a). Specifically, the only claims included are state law causes of action (*i.e.*, breach of contract, negligent misrepresentation, fraudulent misrepresentation, and breach of fiduciary duty). There are no claims arising pursuant to federal statute or the United States Constitution.

With respect to diversity, Defendants' Notice of Removal alleges that as to each of the first two Plaintiffs (Shanshan Shao and Hongliang Chu), he "is a resident of Connecticut." The summons in the State Action recites the street address of "247 Lookout Road, New Milford, CT 06460" as the current address for both Shao and Chu. The Notice of Removal alleges that Plaintiff Qian Liu is "a resident of Kirkland, Quebec, Canada"; the summons recites a street address of "3 Place Dubonnet, Kirkland, QC, Canada." The Notice of Removal alleges that Plaintiff Song Lu is "a resident of Beijing, People's Republic of China"; the summons recites a street address in Beijing. The Notice of Removal alleges that Plaintiff Kinshan Kang is "a resident of Fuzhou, People's Republic of China"; the summons recites a street address in Fuzhou. The pleadings do not contain any allegation or representation of the *citizenship* of any of these five individual Plaintiffs.

As for Defendant Beta Pharma, the summons in the State Action, served on July 14, 2014, recites a street address of "5 Vaughn Drive, Suite 106, Princeton, NJ 08540 c/o Secretary of State,

---

> [I]t is evident from the face of the Complaint that the amount in controversy exceeds $75,000. The Complaint alleges that in or about July, 2013, defendant Zhang, acting on behalf of defendant BP and ZBP, represented to plaintiffs that he would cause BP to repurchase plaintiffs' shares of ZBP based on the $600 million valuation price, and in proportion to their percentages of share ownership, such that a plaintiff who held 0.1% of ZBP would receive $600,000, and defendant BP, acting by Zhang, therefore offered to repurchase plaintiffs' shares in around July, 2013. Comp. ¶ 16.

Doc. 1, at 3.

30 Trinity Street, Hartford CT 06106." The State Action complaint, filed 11 days later on July 25, 2014, alleges at ¶ 1 that Beta Pharma "is a privately owned Delaware corporation with a principal place of business in Branford, Connecticut." The Notice of Removal, filed on August 13, 2014, alleges that Beta Pharma "formerly had a principal place of business in Connecticut, but moved its principal place of business to New Jersey in January 2013, before the filing of the Removed Action." The pleadings contain no allegation or representation of the state(s) of incorporation of Beta Pharma (if it is a corporation), or of the citizenship of any individual who holds an equity interest in Beta Pharma (if that entity is a limited liability corporation or LLC).

As for the individual Defendant Don Zhang, the Notice of Removal alleges only that Zhang "is an individual who is a resident and citizen of New Jersey." The complaint in the State Action alleges that "at the time of the stock sales" that are the subject matter of the action, Zhang was "a citizen and resident of the State of Connecticut," but "he represents to the Connecticut Secretary of State and the public that his current residence address" is the "5 Vaughn Drive, Suite 106," Princeton, New Jersey, address also given for Beta Pharma.

This analysis of the several parties' citizenship must be extended to a consideration of a separate Connecticut state court decision, *Wang v. Beta Pharma and Zhang,* No. CV14650848S, 2016 WL 1315313 (Conn. Super. Ct. Mar. 9, 2016). The facts in *Wang* so closely mirror those at bar, involving the same companies, the same principal individual defendant, and assertions of highly similar contract and tort claims, that it passes understanding why the briefs of counsel in this case do not refer to the Connecticut court's cited opinion in the *Wang* case. For present purposes, it is pertinent to note that the plaintiff in *Wang* filed his complaint against Beta Pharma and Zhang in the Connecticut Superior Court, Judicial District of New Haven. That complaint was dated October 27,

2014: over two months after August 13, 2014, the date on which Beta Pharma and Zhang, also the defendants in the case at bar, removed that case from that state court to this federal one. The *Wang* complaint alleges at ¶ 1 that defendant Beta Pharma "is a privately owned Delaware corporation with a principal place of business in Branford, Connecticut as of the time of the transactions alleged herein and until January, 2013," and "continues to do business in Branford, but represents that its principal place of business is now in New Jersey."[4] That complaint also alleges that Don Zhang, the individual defendant in *Wang*, "at the time of the transactions alleged herein . . . was a citizen and resident of the State of Connecticut," but represents that "his current address" is the Vaughn Drive, Princeton, NJ address. Beta Pharma and Zhang did not contest the Connecticut court's personal jurisdiction over them in the *Wang* action; nor did they remove that action to this Court. Instead, the merits of the *Wang* action are being energetically litigated in the Connecticut court.

I turn to the relevant principles of law.

Federal subject matter jurisdiction based upon diversity of citizenship is limited by familiar rules. A federal district court, whose diversity jurisdiction is invoked, is required "on its own obligation, to inquire as to subject matter jurisdiction and satisfy itself that such jurisdiction exists." *Da Silva v. Kinsha Int'l Corp.*, 229 F.3d 358, 361-62 (2d Cir. 2000) (citation omitted); *Wight*, *supra*. "[W]e have an independent obligation to consider the presence or absence of subject matter jurisdiction *sua sponte*," *Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006), an issue the court may raise "at any time," *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105,

---

[4] The Court notes that this recitation by Beta Pharma that it had "its principal place of business [located] in Branford, Connecticut until January 2013" directly conflicts with Plaintiffs' allegation in the first paragraph of the Complaint in the State Action in suit, dated July 10, 2014, stating that Beta Pharma is "a privately owned Delaware corporation with a principal place of business in Branford, Connecticut." Both statements cannot be correct.

107-08 (2d Cir. 1997). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "It is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction; and if it does not, *dismissal is mandatory*." *Manway Constr. Co. v. Housing Auth. of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983) (emphasis added).

The case at bar turns upon whether the Defendants were entitled to remove the action from the Connecticut court, where Plaintiffs filed it, to this Court on the basis of complete diversity of citizenship between the parties. Defendants, as removing parties, bear the burden of proving to the Court that they possess subject matter jurisdiction. *R. G. Barry Corp. v. Mushroom Makers, Inc.*, 612 F.2d 651, 655 (2d Cir. 1979) ("When a party removes a state court action to the federal court on the basis of diversity of citizenship, . . . the burden falls squarely upon the removing party to establish its right to a federal forum by competent proof."). In order for diversity to exist, the citizenship of each and every plaintiff must be diverse from that of each and every defendant. "Diversity is not complete if any plaintiff is a citizen of the same state as any defendant." *St. Paul Fire and Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005).

Moreover, for removal purposes, diversity must exist both at the time that the action was commenced in state court and at the time of removal. *See Kellam v. Keith*, 144 U.S. 568, 568-70 (1892); *United Food & Commercial Workers Union, Local 919 v. Centermark Props. Meriden Square, Inc.,* 30 F.3d 298, 301 (2d Cir. 1994) ("[W]here basis of removal is diversity then diversity of citizenship must exist at time action was filed in state court as well as at time of removal.") (citing 14A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3723, at 311-12

(1990)). The existence of diversity jurisdiction at both points must be alleged in the removal notice. *See, e.g., Wenger v. Western Reserve Life Assur. Co. of Ohio*, 570 F. Supp. 8, 10 (M.D.Tenn.1983). "The purpose behind this requirement is 'to prevent a nondiverse defendant from acquiring a new domicile after the commencement of the state suit and then removing on the basis of the newly created diversity of citizenship.'" *Adrian Family Partners I, L.P. v. ExxonMobil Corp.*, 79 F. App'x 489, 491 (2d Cir. 2003) (quoting 14B Charles A. Wright, Arthur R. Miller, and Edward H. Cooper, *Federal Practice and Procedure* § 3723, at 574 (3d ed.1998)).

In the case at bar, the operative dates are July 25, 2014, the date on which Plaintiffs commenced their action in the State court by filing their complaint, and August 13, 2014, the date on which Defendants subsequently filed their Notice of Removal in federal court.

Furthermore, a civil action which would otherwise be "removable solely on the basis of the [diversity] jurisdiction under section 1332(a) of this title may not be removed *if any of the parties* in interest properly joined and *served as defendants is a citizen of the State* in which such action is brought." 28 U.S.C. § 1441 (emphasis added). Therefore, if either of the Defendants in this action were citizens of Connecticut on either of the operative dates (July 25, 2014, and August 13, 2014), the action is not, in any event, removable based on diversity of citizenship.

A particular rule on citizenship may apply with respect to Defendant Beta Pharma. That entity is described in the pleadings as "a privately owned Delaware corporation." The meaning of the phrase "privately owned" is uncertain. The language may indicate that Beta Pharma is what the law refers to as "a limited liability company," the designation the Second Circuit employed in *Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012), where the court of appeals held that "a limited liability company takes the citizenship of *each of its*

*members*" (emphasis added). In *Lewis v. Allied Bronze LLC*, No. 07-cv-162, 2007 WL 1299251, at *1-2 (E.D.N.Y. May 2, 2007), the district court said: "[T]he citizenship of a limited liability company is not the state in which it is organized or has its principal place of business, but rather, each of the states in which it has members." *See also* District of Connecticut's "Standing Order on Removed Cases," ¶ 3 (updated Jan. 12, 2012) ("[I]f any party is a partnership, limited liability partnership or limited liability company or corporation, the citizenship of each partner, general partner, limited partner and member, and if any such partner, general partner, limited partner or member is itself a partnership, limited liability partnership or limited liability company or corporation, [the removing parties must provide] the citizenship of each member.").

When we turn to the individual parties in the case at bar, the pleadings allege little or nothing about citizenship, they speak only in terms of residence. This is insufficient to adequately allege complete diversity. "An individual's citizenship for diversity purposes is determined by his or her *domicile*, as opposed to residence." *See Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000). "It has long been held that a statement of residence, unlike domicile, tells the court only where the parties are living and not of which state they are citizens. In general, the domicile of an individual is his true, fixed and permanent home and place of habitation – *i.e.*, the place to which, whenever he is absent, he has the intention of returning." *Ferrara v. Munro*, No. 3:16-CV-950, 2016 WL 6892073, at *3 (D. Conn. Nov. 22, 2016) (citations, internal quotation marks and parentheses omitted).

The Defendants in the case at bar do not adequately allege complete diversity of citizenship. A number of questions are open, of which the following are examples. On July 25, 2014, one operative date, **(A)** either Plaintiff Shanshan Shao or Plaintiff Hongliang Chu (or both) may have

9

been a citizen of Connecticut, and not just a resident of New Milford, as alleged; and **(B)** at the same time, **(1)** Defendant Don Zhang may have been a citizen of Connecticut, and not just a resident of Princeton, New Jersey, as alleged; **or (2)** Defendant Beta Pharma may have been incorporated under Connecticut law, **or** maintained its principal place of business in Branford or elsewhere in Connecticut; **or** have been a limited liability company in any state, with any one of its members a citizen of Connecticut.  Any one of these combinations of circumstances would destroy complete diversity.

Furthermore, pursuant to the assertions in the Notice of Removal on August 13, 2014, Doc. 1, at 2, Plaintiffs Shanshan Shao and Hongliang Chu may be citizens or subjects of China (as opposed to simply residing in New Milford, Connecticut, as alleged).  Plaintiffs Song Lu and Xinshan Kang may be citizens or subjects of China (as opposed to simply residing in China, as alleged).  Plaintiff Quian Liu may be a citizen or subject of China or Canada (as opposed to just residing in Quebec, as alleged).  In general, diversity may exist between "citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2).  However, "the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State." *Id.*   *See, e.g.*, *Kato v. Cnty. of Westchester*, 927 F. Supp. 714, 716 (S.D.N.Y. 1996) ("[A]liens who have been accorded lawful permanent resident status under the immigration laws are considered  aliens 'admitted for permanent residence,' while aliens admitted to the United States on temporary non[-]immigrant visas are not.").

As the leading commentator has summarized:

[I]t is clear that [§ 1332(a) ] affects only the status of those aliens with "green cards"

10

> — admitted to the United States for permanent residence. Thus, aliens present in this country on any lesser status will still be considered aliens, able to invoke alienage jurisdiction against a citizen of a state. . . .

1 James W. Moore, *Moore's Federal Practice* ¶ 0.75[1.–5], at 800.56 (1991). *See also* Ved P. Nanda & David K. Pansius, *1 Litigation of International Disputes in U.S. Courts* § 5:8 ("Alien Venue and Diversity") (Westlaw update Mar. 2014) ("Alien citizens admitted to the United States for permanent residency may be treated like (as distinguished from 'deemed') citizens as would destroy diversity for purposes of §1332(a)(2).").

Therefore, if, for example, at the time the State Action commenced and/or was removed to this Court, Plaintiffs Song Lu and/or Xinshan Kang were Chinese citizens who were lawfully admitted for permanent residence in the United States and *domiciled* (as opposed to simply residing) in a state of which any of the Defendants was also a citizen, the Court would lack diversity jurisdiction.

It is apparent that these and other open questions mandate the Court's inquiry.

### IV.   CONCLUSION

In order to determine whether it has subject matter jurisdiction in this action, the Court hereby ORDERS the parties to establish, by affidavit, citizenship for diversity purposes as of the date the State Action was commenced, July 25, 2014, and as of the date the Notice of Removal was filed in this Court, August 13, 2014 (collectively, the "operative dates").

Specifically, the individual parties in this action – Plaintiffs Shanshan Shao, Hongliang Chu, Quian Liu, Song Lu, and Xinshan Kang and Defendant Don Zhang – must each submit an affidavit indicating his or her state and/or country of citizenship on the operative dates.  Each must declare, as of July 25, 2014, and August 13, 2014:  (1) his or her country of citizenship; (2) if not a citizen

of the United States, whether he or she had permanent residency status or a temporary visa to reside in the United States, (3) the state and country in which he or she was *domiciled* and principally established or his "true fixed home," and any helpful facts in support of that domicile; (4) the names, if any, of other states or countries in which he or she had a residence. If such additional residences were maintained, the affidavit must further provide: (a) the location of the residences kept and (b) the approximate length of time spent at each residence.

Defendant Beta Pharma, Inc. is ORDERED to submit an affidavit stating whether it is a limited liability company or a corporation. If it is a limited liability company, it must explicitly set forth the identities and state(s) of citizenship of each of its members as of July 25, 2014, and as of August 13, 2014. If said members are individuals, Beta Pharma must provide their states of domicile. If any members are corporations, Beta Pharma must indicate all states of incorporation and the principal place of business for each corporation. *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . ."). If the members include any limited liability company, Beta Pharma shall establish the citizenship of each member of that limited liability company.

Alternatively, if Beta Pharma is a corporation, it must indicate all states of its incorporation and its principal place of business as of July 25, 2014, and August 13, 2014.[5]

---

[5] The Court takes judicial notice that as of the present date (as opposed to the operative dates for diversity), Beta Pharma, Inc. is registered with the Connecticut Secretary of State as a "Foreign/DE" corporation with a business address of "1000 N. West Street, Suite 1200, Wilmington, DE 19801." Defendant Don Zhang is listed as Beta Pharma's President with a "business address" and "residence address" of "1000 N. West Street, Suite 1200, Wilmington, DE 19801." The record also indicates that Beta Pharma's registration commenced on February 8, 2001. *See* https://www.concord-sots.ct.gov/CONCORD/online?sn=PublicInquiry&eid=9740 (last visited

All parties shall file and serve their affidavits regarding citizenship on or before **Friday, April 14, 2017**. All case deadlines are stayed pending the Court's review of the affidavits. If, upon review, the Court determines that it possesses subject matter jurisdiction, the action may proceed. Otherwise, in the absence of such jurisdiction, the Court will dismiss the action.

It is SO ORDERED.

Dated: New Haven, Connecticut
March 27, 2017

/s/Charles S. Haight, Jr.
CHARLES S. HAIGHT, JR.
Senior United States District Judge

---

3/27/2017).