UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

SHANSHAN SHAO, HONGLIANG CHU,
QIAN LIU, SONG LU, AND XINSHAN
KANG,

          Plaintiffs,

  v.

BETA PHARMA, INC., AND DON
ZHANG,

          Defendants.

3:14-cv-01177(CSH)

April 19, 2018

## ORDER ON PLAINTIFFS' MOTION TO JOIN PARTIES DEFENDANT AND ADD SUPPLEMENTAL PLEADINGS TO THE COMPLAINT

HAIGHT, Senior District Judge:

Before the Court is Plaintiffs' unopposed Motion to Join Parties Defendant and Add Supplemental Allegations to Complaint [Doc. 193], accompanied by a Proposed Third Amended Complaint ("Proposed TAC") [Doc. 193-1] and a supporting Memorandum of Law [Doc. 194].

Plaintiffs' request to supplement the pleadings will be considered under Rule 15(d), which governs supplemental pleadings. Plaintiffs' request to join, as defendants, Beta Pharma (USA) Inc. ("BPUSA"), and Beta Pharma (Hong Kong) Holding Company Limited ("BPHK") will be considered under Federal Rule of Civil Procedure 20(a), which governs permissive joinders.

### I. BACKGROUND

This matter is a contract dispute, heard by this Court under the federal diversity jurisdiction of 28 U.S.C. § 1332. The five individual Plaintiffs are investors in a "privately owned organization"

1

(Plaintiffs' phrase) under the laws of the People's Republic of China called Zhejiang Beta Pharma Co., Ltd. ("Zhejiang" or "ZBP"). ZBP is affiliated with the corporate Defendant in this case, Beta Pharma, Inc. ("Beta Pharma" or "BP, Inc."). The individual Defendant, Don Zhang, is alleged to be the majority stockholder and president of BP, and the vice-president and a director of ZBP. Plaintiffs assert claims for breach of contract and tort against both Defendants. The original Complaint [Doc. 1-1] was filed in Connecticut state court in July 2014, and removed in August to this Court by Defendants Zhang and BP, Inc., on the basis of diversity. The currently operative complaint is the Second Amended Complaint ("SAC") [Doc. 132], filed by leave of the Court on July 22, 2016.

Plaintiffs' latest filing makes certain new factual allegations, which, they argue, justify the joinder of two additional parties defendant and the addition of supplemental pleadings to the SAC. *Inter alia*, Plaintiffs allege that "[o]n December 24, 2014 defendants caused the formation of a Delaware corporation, Beta Pharma USA, Inc. [], having a principal place of business in Wilmington, Delaware." Proposed TAC at 28 ¶ 40. Plaintiffs further allege that "[o]n or about April 12, 2015, defendants Don Zhang and Beta Pharma, acting through BPUSA, caused the formation of Beta Pharma (Hong Kong) Holding Company Limited, [] a limited company formed pursuant to the laws of Hong Kong, having a principal place of business in Hong Kong." *Id.* at 35 ¶ 66. Plaintiffs' supplemental pleadings are principally related to those two new entities, who Plaintiffs allege are controlled entirely by Zhang and BP, Inc., the existing Defendants in this matter.

## II. SUPPLEMENTAL PLEADINGS

Rule 15(d) provides that, "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). "An amended

pleading is designed to include matters occurring before the filing of the bill, but either overlooked or not known at the time. A supplemental pleading is designed to cover matters subsequently occurring but pertaining to the original claim." *Slavenburg Corp. v. Boston Ins. Co.,* 30 F.R.D. 123, 126 (S.D.N.Y. 1962) (internal quotation marks and alterations omitted). "A supplemental pleading 'is designed to obtain relief along the same lines, pertaining to the same cause, and based on the same subject matter or claim for relief, as set out in the original [pleading].'" *Id.* at 126, quoting *United States v. Russell*, 241 F. 2d 879, 882 (1st Cir. 1957).

"Rule 15(d) reflects a liberal policy favoring a merit-based resolution of the entire controversy between the parties." *Witkowich v. Gonzales*, 541 F. Supp. 2d 572, 590 (S.D.N.Y. 2008) (internal quotation marks omitted). Therefore, motions to supplement will be granted "[a]bsent undue delay, bad faith, dilatory tactics, undue prejudice to the party to be served with the proposed pleading, or futility." *Quarantino v. Tiffany & Co.*, 71 F.3d 58, 66 (2d Cir. 1995); *see also Green v. Martin*, 224 F. Supp. 3d 154, 172 (D. Conn. 2016); *Kalimantano GmbH v. Motion in Time, Inc.*, 939 F. Supp. 2d 392, 403-04 (S.D.N.Y. 2013).

Reviewing the Proposed TAC, given the absence of objection, and the lack of any indication of undue prejudice, undue delay, bad faith, or dilatory motive on the part of the Plaintiffs, I find no reason that leave should not be "freely given" to this motion by Plaintiffs to supplement their complaint for the purpose of adding two new parties defendant. Consequently, Plaintiffs' motion to supplement the SAC will be GRANTED IN PRINCIPLE.

The Court's granting of that aspect of the present motion is stated conditionally because the addition of one of the new defendants may destroy this Court's subject matter jurisdiction, which as noted is based on diversity of citizenship. That jurisdictional question is not addressed by the briefs

of counsel, but the Court is obligated to raise it *sua sponte*. The jurisdictional complications, viewed in the context of the joinder of new parties under Fed. R. Civ. P., 20(a), are considered in Point III.

### III. JOINDER OF PARTIES DEFENDANT

"Persons . . . may be joined in one action as defendants if: any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(1)(A-B). "The requirements of Fed. R. Civ. P. 20(a) are to be interpreted liberally to enable the court to promote judicial economy by permitting all reasonably related claims for relief by or against different parties to be tried in a single proceeding." *Viada v. Osaka Health Spa, Inc.*, 235 F.R.D. 55, 61 (S.D.N.Y. 2006) (internal quotation marks omitted). "The 'same transaction' requirement means that there must be some allegation that the joined defendants 'conspired or acted jointly.'" *Arista Records LLC v. Does 1-4*, 589 F. Supp. 2d 151, 154 (D. Conn. 2008) (Arterton, J.) (quoting *Tele-Media Co. v. Antidormi*, 179 F.R.D. 75, 76 (D.Conn.1998)).

Plaintiffs seek to join two new parties defendant: Beta Pharma (USA) Inc. ("BPUSA"), and Beta Pharma (Hong Kong) Holding Co. ("BPHK"). The Proposed TAC asserts claims against these two additional defendants, jointly and severally with existing Defendants, Don Zhang and Beta Pharma, Inc. These joint and several claims satisfy the first possible basis for permissive joinder, under Rule 20(a)(1)(A), which provides that parties defendant *may* be joined if "any right to relief is asserted against them jointly, [and/or] severally."

Further, the proposed claims against the two additional defendants arise out of the same series of transactions, by which Plaintiffs invested in Beta Pharma, and Zhang later bought them out

4

of their investment, satisfying the second, alternative basis for permissve joinder, provided by Rule 20(a)(1)(A), providing that parties defendant *may* be joined where the plaintiff asserts "any right to relief . . . with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." Thus, the facts, as alleged by Plaintiffs, satisfy either of these alternative bases under Rule 20(a)(1)(A). A review of the Proposed TAC confirms that, as required by Rule20(a)(1)(B), at least one, and in this case, many, "question[s] of law or fact common to all defendants will arise in the action."

The inquiry into a request for permissive joinder does not end at the bare prerequisites of Rule 20(a):

> Once the requirements of Rule 20(a) are satisfied, the Court must determine whether joinder will comport with the principles of fundamental fairness. Factors to be considered are whether joinder of the party will divest the Court of diversity jurisdiction, the delay of the movant in seeking to amend his pleadings, and the closeness of the relationship between the present parties and the parties to be joined.

*Novak v. TRW, Inc.*, 822 F. Supp. 963, 973 (E.D.N.Y. 1993) (Wexler, J.) (citation and internal quotation marks omitted) (citing *Shaw v. Munford*, 526 F. Supp. 1209, 1213, 1215 (S.D.N.Y. 1981)).

As stated, the basis for this Court's subject matter jurisdiction over this case is the diversity of the parties, pursuant to 28 U.S.C. § 1332(a). Under Article III of the Constitution, a federal court may only exercise subject matter jurisdiction where either: (1) the plaintiff sets forth a colorable claim arising under the Constitution or federal statute, creating "federal question" jurisdiction, 28 U.S.C. § 1331; or (2) there is complete diversity of citizenship between all plaintiffs and all defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs, 28

U.S.C. § 1332(a)(1).[1] In order for diversity to exist, the citizenship of each and every plaintiff must be diverse from that of each and every defendant. "Diversity is not complete if any plaintiff is a citizen of the same state as any defendant." *St. Paul Fire and Marine Ins. Co. v. Universal Builders Supply,* 409 F.3d 73, 80 (2d Cir. 2005).

"Irrespective of how the parties conduct their case, the courts have an independent obligation to ensure that federal jurisdiction is not extended beyond its proper limits." *Wight v. BankAmerica Corp.*, 219 F.3d 79, 90 (2d Cir. 2000). A federal district court, whose diversity jurisdiction is invoked, is required "on its own obligation, to inquire as to subject matter jurisdiction and satisfy itself that such jurisdiction exists." *Da Silva v. Kinsha Int'l Corp.*, 229 F.3d 358, 361-62 (2d Cir. 2000). I am thus mandated to inquire as to whether joinder of either new defendant will destroy complete diversity.

BPUSA is alleged to be a Delaware corporation, with a principal place of business in Delaware. Proposed TAC at 43, ¶¶ 24-26. BPHK is alleged to be "a limited company formed pursuant to the laws of Hong Kong, having a principal place of business in Hong Kong," wholly owned by BPUSA, and not registered to do business in Connecticut. *Id.* at 44-45, ¶¶ 29-30, 35. "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Based upon the facts alleged, BPUSA's sole citizenship is that of Delaware. The citizenship of BPHK, represented to be a Hong Kong "limited company," is less clear.

---

[1] As noted by my previous Memorandum and Order on Subject Matter Jurisdiction [Doc 156], "the mandatory jurisdictional amount for diversity, exceeding $75,000, exclusive of interest and costs, has been alleged by Defendants in their Notice of Removal." 2017 WL 1138124, at *2 n. 3 (D. Conn. Mar. 27, 2017).

Formerly a British colony, Hong Kong is a geopolitical anomaly: "on July 1, 1997 . . . Hong Kong officially became part of the People's Republic of China ('PRC') and subject to the sovereignty of the government of mainland China. On that date, it became a Special Administrative Region ('SAR') of the PRC, an administrative unit invested with more autonomy than the provinces of the PRC, but which nonetheless may not conduct its own foreign affairs or operate its own military." Tahirih V. Lee, *Mixing River Water and Well Water: The Harmonization of Hong Kong and PRC Law*, 30 Loy. U. Chi. L.J. 627, 628 (1999). *See also Matimak Trading Co. v. Khalily*, 118 F.3d 76, 79 (2d Cir. 1997) ("British sovereignty over Hong Kong cease[d] on July 1, 1997, when Hong Kong bec[ame] a special administrative region of the People's Republic of China."), *abrogated by JPMorgan Chase Bank v. Traffic Stream (BVI) Infrastructure Ltd.*, 536 U.S. 88, 122 (2002).

Upon review of applicable Chinese and Hong Kong law, a federal court recently concluded that Hong Kong limited companies "should be treated as corporations for the purpose of § 1332(c)(1)." *Flextronics Int'l USA, Inc. v. Sparkling Drink Sys. Innovation Ctr. Ltd*, 186 F. Supp. 3d 852, 861 (N.D. Ill. 2016).[2] "A corporation of a foreign State is, for purposes of jurisdiction in the courts of the United States, to be deemed, constructively, a citizen or subject of such State." *JPMorgan Chase*, 536 U.S. at 91 (internal quotation marks omitted). "While the Second Circuit has not yet addressed whether corporations organized under the laws of the Hong Kong Special

---

[2] The filings in that case stated that "Hong Kong 'limited companies' . . . limit their equity owners' liability, exist indefinitely, can sue and be sued under their own names, and allow their shares (called 'memberships') to be transferred, subject to limits created by their articles of incorporation." *Id.* at 860. The district court's own research ratified that characterization, finding that Hong Kong limited companies "are functionally indistinguishable from Netherlands BVs," and citing Zhao Yong Qing, *The Company Law of China*, 6 Ind. Int'l & Comp. L. Rev. 461, 470 (1996) for the proposition that "[a]n LLC under [China's] Company Law is similar to a private company limited under the laws of Britain, Hong Kong, and Singapore and a close corporation under U.S. law." *Id.* at 860-61.

7

Administrative Region are 'citizens or subjects' of China for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a)(2),[3] Hong Kong corporations appear to be citizens of China under the principles set forth in *JPMorgan Chase*, 536 U.S. 88." *Zurich Am. Ins. Co. v. Dah Sing Bank, Ltd.*, No. 03 CIV.7778(DLC), 2004 WL 1328215, at *1 n. 3 (S.D.N.Y. June 15, 2004) (Cote, J.). *See also Dover Ltd. v. Morrow,* No. 08 CIV. 1337 LTS JCF, 2012 WL 1339515, at *3 (S.D.N.Y. Apr. 17, 2012) (Swain, J.) (denying dismissal for lack of jurisdiction, finding diversity exists where sole plaintiff is corporate citizen of Hong Kong), *jury verdict aff'd*, 534 F. App'x 29 (2d Cir. 2013); *WMH Tool Grp. Hong Kong Ltd. v. Illinois Indus. Tool, Inc.*, No. 05C1139, 2006 WL 1517778 (N.D. Ill. May 24, 2006) (diversity destroyed when Hong Kong corporation bringing claim against Illinois corporation amended complaint to join a second Hong Kong corporation as party defendant); *Smoothline Ltd. v. N. Am. Foreign Trading Corp.* No. 00 CIV. 2798 (DLC), 2002 WL 273301, at *3 n. 3 (S.D.N.Y. Feb. 27, 2002) (Cote, J.), (for diversity purposes, Hong Kong corporation is "a citizen of a 'foreign state,' namely the People's Republic of China"); *Tukas Co. v. Continuum Co.*, LLC, No. 00 CIV. 2762 (DC), 2001 WL 114339, at *1 n. 1 (S.D.N.Y. Feb. 9, 2001) (Chin, J.) (subsequent to 1997 reversion to China, federal court had jurisdiction over suit brought by Hong Kong corporation against New York corporation, in diversity); *Favour Mind Ltd. v. Pac. Shoes, Inc.,* No. 98 CIV. 7038 (SAS), 1999 WL 1115217, at *9 (S.D.N.Y. Dec. 7, 1999) (Scheindlin, J.) ("a corporation of the Hong Kong SAR can assert alienage jurisdiction as a citizen of China"); *Matimak*

---

[3] Research does not reveal any post-reversion Second Circuit case which directly addresses the citizenship of Hong Kong corporations, for diversity purposes. However, the Second Circuit has, on at least one occasion, affirmed a district court's exercise of diversity jurisdiction where one plaintiff was a Hong Kong corporation, and defendants were citizens of New York. *See Feiliks Int'l Logistics Hong Kong Ltd. v. Feiliks Glob. Logistics Corp.*, F. App'x 59, 61-62 (2d Cir. 2017), *aff'g* No. 14 CIV. 5366 (BMC), 2016 WL 1069069, at *5 (E.D.N.Y. Mar. 17, 2016).

*Trading Co. v. Khalily*, 936 F. Supp. 151, 152 (S.D.N.Y. 1996) (Wood, J.), ("It is possible that after th[e 1997] reversion, Hong Kong companies will be considered to be citizens of China for the purposes of diversity jurisdiction and thus will be allowed to file suits in federal courts based on diversity jurisdiction."), *aff'd*, 118 F.3d 76.

Based upon the federal precedents cited above, and the limited record presently before me, it appears most probable that BPHK is a citizen of China for the purposes of diversity jurisdiction. Based upon the affidavits of citizenship submitted by Plaintiffs on April 11, 2017 [Doc. 161], as of July 25, 2014, and August 13, 2014, Plaintiffs Hongliang Chu and Xinshan Kang were citizens of China, and Plaintiff Qian Liu was a citizen of Canada. *See* Doc. 161 at 1, 5, 6, 8-9.

Given that some of the Plaintiffs are citizens of foreign states, the apparent foreign citizenship of proposed defendant BPHK presents the Court with a question of subject matter jurisdiction in this matter, removed to federal court under diversity, pursuant to 28 U.S.C. § 1332(a). "[T]he presence of foreign parties on both sides of the litigation destroys diversity jurisdiction because the plaintiff must be of diverse citizenship to all defendants." *AICO Int'l, E.C. v. Merrill Lynch & Co.,* 98 F. App'x 44, 46 (2d Cir. 2004) (citing *Franceskin v. Credit Suisse*, 214 F.3d 253, 258 (2d Cir.2000)). *See also Corporacion Venezolana de Fomento v. Vintero Sales Corp.*, 629 F.2d 786, 790 (2d Cir. 1980) ("the fact that alien parties were present on both sides would destroy complete diversity").[4]

---

[4] These citations do not indicate that the Court has made any preliminary determination as to the existence (or absence) of subject matter jurisdiction over the dispute between Plaintiffs and BPHK. The circumstances in this case are not exactly like the circumstances in any other, and there may well be a compelling case for the exercise of federal subject matter jurisdiction, where, as here, the foreign entity BPHK was apparently created after the filing of this case. However, it is the Court's duty to ascertain the existence of subject matter jurisdiction, and it is the Plaintiffs' burden, as the parties asserting that jurisdiction over their dispute with BPHK, to demonstrate its

Because this question of diversity jurisdiction arises as the result of Plaintiffs' motion to join additional defendants after the original Defendants removed the case from a Connecticut court, the case falls within 28 U.S.C. § 1447(e), which provides:

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

The statute's clear language limits a trial court to two options: deny joinder of additional defendants entirely, if it would be unfair in the circumstances to allow it; or allow the joinder and then remand the case to the state court, diversity jurisdiction having been destroyed. Thus, Judge Kravitz said in *Collins v. Kohl's Department Stores, Inc.*, No. Civ. 304CV557, 2004 WL 1944027 (D. Conn. Aug. 26, 2004), at *1: "the Court is satisfied that where, as here, joinder would destroy diversity, considerations of fundamental fairness nevertheless support joinder and remand under 28 U.S.C. 1447(e)." That principle would govern in the case at bar if, assuming *arguendo,* the addition of BPHK would destroy this Court's diversity jurisdiction.

If Plaintiffs wish to join BPHK as a party defendant, they must explain the jurisdictional basis for so doing, and discuss the possible effect of 28 U.S.C. § 1447(e). While it was Defendants who removed this case to federal court, it is Plaintiffs who now ask the Court to extend its jurisdiction to include the disputes between Plaintiff and two new parties defendant. "It is . . . hornbook law that the party invoking federal jurisdiction bears the burden of proving facts to establish that jurisdiction." *Linardos v. Fortuna*, 157 F.3d 945, 947 (2d Cir.1998). "That party must allege a proper basis for jurisdiction in his pleadings and must support those allegations with 'competent proof' if a party

---

existence.

10

opposing jurisdiction properly challenges those allegations . . . or if the court *sua sponte* raises the question." *Id.*

I see no obstacle to the joinder of BPUSA, and therefore GRANT, IN PRINCIPLE, leave to join that proposed party defendant. In practice, the filing of the Proposed TAC and the joinder of BPUSA must await determination of the jurisdictional question raised by the proposed joinder of BPHK, and my grant of leave to file that amended pleading and join BPUSA is therefore DEFERRED.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' unopposed Motion to Join Parties Defendant and Add Supplemental Allegations to Complaint is [Doc. 168] is GRANTED, IN PRINCIPLE, as to BPUSA and those supplemental pleadings that pertain to BPUSA and the existing Defendants Zhang and BP, Inc. As to the joinder of proposed defendant BPHK and those supplemental pleadings pertaining to that party, Plaintiff is directed to file, on or before **Thursday, May 3, 2018,** a brief addressing the factual and legal bases for this Court's exercise of jurisdiction over the dispute between Plaintiffs and proposed defendant Beta Pharma (Hong Kong) Holding Company Limited. Filing of the Proposed TAC is DEFERRED,[5] pending the Court's review of the jurisdictional question summarized by this order.

---

[5] As a procedural aside, Plaintiffs are cautioned that the amended complaint, when filed, must include, in its caption, the full name of every party to this action. "The title of the complaint must name *all* the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties." Fed. R. Civ. P. 10(a) (emphasis added). The caption of the Proposed TAC [Doc. 193-1] names as Defendants only Beta Pharma, Inc. and Don Zhang. Were Plaintiffs to file the Proposed TAC, as drafted, it would not have the desired effect of adding Beta Pharma USA and Beta Pharma Hong Kong as parties defendant.

The foregoing is SO ORDERED.

Dated: New Haven, Connecticut

April 19, 2018

*/s/Charles S. Haight, Jr.*
CHARLES S. HAIGHT, JR.
Senior United States District Judge