UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

SHANSHAN SHAO, HONGLIANG CHU,
QIAN LIU, SONG LU, AND XINSHAN
KANG,

        Plaintiffs,

 v.

BETA PHARMA, INC., AND DON
ZHANG,

        Defendants.

3:14-cv-01177(CSH)

April 19, 2018

## ORDER ON PLAINTIFFS' LETTER MOTION FOR PERMISSION TO DELIVER SUPPLEMENTAL DOCUMENTS FOR IN-CAMERA REVIEW

HAIGHT, Senior District Judge:

Pursuant to the effective Protective Order [Doc. 129-1] in this case, Plaintiffs have filed a Letter Motion, dated April 12, 2018, requesting the Court's permission to submit a sealed supplemental memorandum of law, accompanied by certain confidential exhibits, in support of their Motion for Modification of Protective Order [Doc 196]. Plaintiffs represent that Defendants do not object to this request. "Pursuant Paragraph 19 of the existing Protective Order," Plaintiff counsel represents that he is "required to request [the Court's] permission to deliver these supplemental documents to [] chambers for in-camera review." Letter Motion at 1.

A review of the referenced paragraph 19 reveals this rather recondite verbiage:

> If the need arises during litigation of this case for any Party to
> disclose Confidential or Attorneys' Eyes Only Material to the Court,
> the Party may only do so pursuant to a Motion to Seal. The Party

1

> seeking to disclose such information must: pursuant to Rule 5(e)(4)(c) of the Local Rules of the U.S. District Court for the District of Connecticut, seek permission from the Court submit the documents sought to be sealed to chambers for in camera consideration and serve on all counsel of record copies of the documents sought to be sealed and shall file a motion to seal, a memorandum and supporting documents.

Doc. 129-1 ¶ 19. The meaning of the ungrammatical phrase "[t]he Party seeking to disclose . . . must . . . seek permission from the Court submit the documents to be sealed to chambers" is not immediately clear. Local Rule 5(e)(4)(c), one of three alternative procedures by which attorneys practicing in this district may pursue an order to file a document under seal, provides:

> Counsel may seek permission of the presiding Judge to submit the documents sought to be sealed for in camera consideration. If the Judge agrees to review documents in camera, counsel shall submit to Chambers and shall serve on all counsel of record copies of the documents sought to be sealed and shall e-file a motion to seal, a memorandum and supporting documents.

Reading the Local Rule and the Protective Order together, I infer that the Protective Order contains a typographical error, and was meant to read "the Party seeking to disclose must seek permission from the Court *to* submit the documents to be sealed to chambers," which phrasing would comport with the language of the Local Rule.

Like counsel, I work within the strictures of the Federal and Local Rules. In this case, counsel are further required, by their own stipulation, to work within the bounds of the effective Protective Order. Having made my best effort to divine the meaning of that Order, I hereby GRANT permission for Plaintiffs to submit the documents sought to be sealed, as requested by their Letter Motion. To clarify the briefing schedule for the pending Motion to Modify Protective Order, in support of which the sealed supplemental memo is to be filed, I order that Plaintiffs must file any

2

supplemental memo on or before **Thursday, May 3, 2018**.  Defendants may file opposing papers, if so advised, no later than **Monday, May 14, 2018**, and Plaintiffs may file a reply, if any, no later than **Monday, May 21, 2018.**

The foregoing is SO ORDERED.

Dated: New Haven, Connecticut
April 19, 2018

*/s/Charles S. Haight, Jr.*
CHARLES S. HAIGHT, JR.
Senior United States District Judge